PUBLIC VERSION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| MAXELL, LTD., <br><br> *Plaintiff*, <br><br> v. <br><br> LENOVO GROUP LTD., LENOVO (UNITED STATES) INC., AND MOTOROLA MOBILITY LLC, <br><br> *Defendants*. | Case No. 6:21-cv-01169-ADA <br><br> **JURY TRIAL DEMANDED** <br><br> PUBLIC VERSION |

**PLAINTIFF MAXELL, LTD.'S OPPOSED MOTION FOR LEAVE TO EFFECT ALTERNATIVE SERVICE ON LENOVO GROUP LTD.**

PUBLIC VERSION

**TABLE OF CONTENTS**

                                                                                              **Page**

I.     BACKGROUND ................................................................................................... 1

II.    LEGAL STANDARDS ........................................................................................ 4

III.   ARGUMENT ........................................................................................................ 6

        A.     Alternative Service is Appropriate Against Signatories to the Hague Convention ................................................................................................ 6

        B.     Service on Lenovo Group's Outside Counsel And/Or on Lenovo (US) Comports with Due Process ................................................................... 7

IV.   CONCLUSION .................................................................................................... 8

PUBLIC VERSION

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Affinity Labs of Texas, LLC v. Nissan North America Inc., et al.*,
  Case No. 13-cv-369, 2014 WL 11342502 (W.D. Tex. Jul. 2, 2014) .............................. *passim*

*In re LDK Solar Sec. Litig.*,
  No. C 07–05182 WHA, 2008 WL 2415186 (N.D. Cal. June 12, 2008) ................................... 4

*Lisson v. ING GROEP N.V.*,
  262 Fed. Appx. 567 (5th Cir. 2007) ................................................................. 8

*Richmond Techs., Inc. v. Aumtech Bus. Solutions*,
  No. 11-CV-02460-LHK, 2011 WL 2607158 (N.D. Cal. July 1, 2011) ..................................... 4

*Rio Properties, Inc. v. Rio Int'l Interlink*,
  284 F.3d 1007 (9th Cir. 2002) ....................................................................... 5

*RPost Holdings, Inc. v. Kagan*,
  Case No. 2:11-CV-238-JRG, 2012 WL 194388 (E.D. Tex. Jan. 23, 2012) ........................... 5, 7

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
  486 U.S. 694 (1988) ............................................................................... 6, 7

*WSOU Investments LLC v. OnePlus Technology (Shenzhen) Co., Ltd.*,
  C.A. No. 6:20-cv-00952-ADA ..................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 4(f)(3) ................................................................................ 4

Plaintiff Maxell, Ltd. ("Plaintiff" or "Maxell") moves for leave to serve the summons and complaint in the above-captioned action on Defendant Lenovo Group Ltd. ("Defendant" or "Lenovo Group") through its U.S. Counsel, John Guaragna of DLA Piper LLP, and/or its U.S. subsidiary, Lenovo (United States) Inc. As set forth herein, Lenovo Group is aware of the present action and indeed has already been in discussions, through Mr. Guaragna, with Maxell's counsel regarding Lenovo Group's participation in the case. Though Maxell requested that Lenovo Group waive service of the Complaint, Lenovo Group declined, stating that it did not believe Lenovo Group was a proper party and would be willing to enter into a stipulation to that effect. Maxell disagrees that Lenovo Group is not a proper party. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Complaint, D.I. 1, at ¶¶ 7-20. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* Notwithstanding this fact, and given Lenovo Group's representation, Maxell considered the stipulation, but asked for specific representations in the stipulation that would protect Maxell's interests. Though the requested stipulation by Maxell was reasonable, and certainly would not be problematic if Lenovo Group were truly an improper party, Lenovo Group responded that the stipulation was too onerous.

Whether Lenovo Group is attempting to escape liability or this Court's authority to enforce discovery obligations, or merely wishes to cause Maxell undue delay, effort, and expense associated with service through the Hague Convention, the delay that service through the Hague Convention would introduce into the case is unnecessary and unjustified. Alternative service is warranted here.

I.   **BACKGROUND**

Maxell filed the Complaint in this Litigation on November 12, 2021 naming Lenovo Group, a Chinese company, and its two U.S. subsidiaries, Lenovo (United States) Inc. ("Lenovo

1

(US)") and Motorola Mobility LLC ("Motorola"), as defendants. Case 6:21-cv-01169, D.I. 1. On the same day, Maxell sent a courtesy copy of the Complaint to representatives of Lenovo Group, the same representatives that Maxell had been in discussion with to resolve the parties' dispute, and requested waiver of service in accordance with F.R.C.P. 4(d). Ex. A, 11/12/21 Letter Beaber to Lenovo. Maxell also began service on Lenovo (US) and Motorola.

On November 22, 2021, Mr. John Guaragna of DLA Piper LLP ("DLA") reached out to Maxell and stated that DLA "[is] representing defendants" and requested a 45 day extension. Ex. B, 11/22/21 E-Mail J. Guaragna to M. Chibib. Because DLA stated it was representing "defendants," Maxell asked for confirmation that DLA was accepting service on behalf of all defendants, including Lenovo Group. Ex. C, E-Mail Chain at 11/22/21 E-Mail M. Chibib to J. Guaragna. DLA responded that it could not agree to accept service on Lenovo Group. *Id.* at 11/30/21 E-Mail J. Guaragna to M. Chibib. When asked for an explanation for this position, DLA stated that it "do[es] not believe [Lenovo Group] is a proper entity," but that it "would be willing to enter into a Stip" that stated generally that Lenovo Group does not make, use, sell, or offer to sell, or import into the United States any of the products or categories of products referenced in the Complaint. *Id.* at 12/2/21 E-Mail J. Guaragna to M. Chibib; Ex. D, Sample Stipulations provided by DLA.

As set forth in the Complaint, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. D.I. 4, Sealed Complaint at ¶¶ 7-29. Even so, Maxell was open to considering DLA's representation that Lenovo Group is not a proper party so long as dismissal of Lenovo Group would not negatively impact Maxell's ability to litigate this case. Thus, Maxell provided DLA with a proposed stipulation that, among other things, would confirm Lenovo Group is not involved in the design, manufacture, marketing, sale or importation into the United States of Accused

Products, that dismissal of Lenovo Group would not impact ability of the subsidiary defendants to satisfy any judgment, that the subsidiary defendants would not withhold any discoverable material or information as a result of Lenovo Group's dismissal, and that the agreement to dismiss Lenovo Group would not limit Maxell's arguments or use of evidence involving Lenovo Group against the remaining defendants (*e.g.*, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). Ex. E, Maxell's Proposed Stipulation. DLA responded that Maxell's proposed stipulation was too onerous. *See* Ex. F, E-Mail Chain at 12/9/21 E-Mail M. Chibib to J. Guaragna. Maxell requested that DLA identify the aspects of the proposed stipulation that it believed to be too onerous. *Id*. Nearly three weeks later, DLA finally responded. *Id*. at 12/28/21 E-Mail J. Guaragna to M. Chibib. Rather than provide any basis for its belief that Maxell's proposed stipulation was too onerous, however, DLA merely asserted that Lenovo (US) is also not a proper party. *Id.*

Although Maxell will be prejudiced by the delay introduced if forced to effect service on Lenovo Group through the Hague Convention,[1] Lenovo Group will sustain no prejudice should alternative service of process be granted. As set forth above, Lenovo Group is already aware of the litigation, and the litigation is proceeding against two of Lenovo Group's subsidiaries. Furthermore, if it truly has no involvement with the accused products, Lenovo Group's discovery obligations will not be onerous.

---

[1] Service in China under the Hague convention can take up to a year, if not longer. *See, e.g.,* Ex. G, Hague Service Convention: Serve Quickly in China, available at https://hongkongprocessserve.com/international-process-serves/hague-convention-process-serves/#:~:text=The%20Hague%20service%20convention%20applies,in%20English%20in%20Hong%20Kong; Ex. H, Catch Me If You Can: Serving A China-Based Defendant in Cross-Border Litigation, available at https://www.lexology.com/library/detail.aspx?g=827053ae-baf0-498a-8c1d-6dbf0ef1d86d (stating that some service requests have been pending two years).

Accordingly, the Court should grant Maxell's Motion and issue an order granting Maxell leave to serve the summons and complaint in the above-captioned action on Lenovo Group through its U.S. Counsel, John Guaragna of DLA, or on its U.S. subsidiary, Lenovo (US).

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 4(h) governs service of process on corporations such as Lenovo Group. Pursuant to Rule 4(h)(2), service of a corporation "at a place not within any judicial district of the United States," may be performed "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery…." Rule 4(f)(3) provides that the Court may authorize service on a foreign individual "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3); *see also WSOU Investments LLC v. OnePlus Technology (Shenzhen) Co., Ltd.*, C.A. No. 6:20-cv-00952-ADA, Order Denying Defendant's Motion to Dismiss (D.I. 27), at 4 (W.D. Tex. July 8, 2021). "Thus, so long as the method of service is not *prohibited* by international agreement the Court has considerable discretion to authorize an alternative means of service." *Affinity Labs of Texas, LLC v. Nissan North America Inc., et al.*, Case No. 13-cv-369, 2014 WL 11342502, *1 (W.D. Tex. Jul. 2, 2014) (emphasis in original) (quoting *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) ("As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text.")).

There is no international agreement prohibiting service on a Chinese corporation's domestic affiliate or its counsel. *See, e.g.*, *Richmond Techs., Inc. v. Aumtech Bus. Solutions*, No. 11-CV-02460-LHK, 2011 WL 2607158, at *13 (N.D. Cal. July 1, 2011) ("Nothing in the Hague Convention prohibits [service on a foreign defendant's United States-based counsel]."); *In re LDK Solar Sec. Litig.*, No. C 07–05182 WHA, 2008 WL 2415186, at *3-4 (N.D. Cal. June 12, 2008) (permitting service of Chinese subsidiary and individual officers by service on parent company in

4

California because such service is not barred by the Hague Convention). "The Hague Convention does not preempt methods of service on domestic agents that are valid under state law or constitutional requirements of due process." *WSOU Investments*, D.I. 27 at 4-5.

The Federal Rules do not require that any other method of service be exhausted prior to seeking authorization of alternative means of service. "[S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Rio Properties*, 284 F.3d at 105 (internal citations omitted); *see also Affinity Labs*, 2014 WL 11342502, *1 ("[A] plaintiff does not have to attempt to effect service under Rule 4(f)(1) or Rule 4(f)(2) prior to requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3)."). What is important is that "any alternative method of service authorized must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford an opportunity to present their objections.'" *Affinity Labs*, 2014 WL 11342502, *1 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *see also RPost Holdings, Inc. v. Kagan*, Case No. 2:11-CV-238-JRG, 2012 WL 194388, at *2 (E.D. Tex. Jan. 23, 2012).

"The Hague Convention does not prohibit service on a foreign corporation through its U.S. counsel, in-house counsel, or a wholly owned U.S. subsidiary." *WSOU Investments*, D.I. 27 at 8 (citing *STC.UNM v. Taiwan Semiconductor Mfg. Co. Ltd.*, No. 6:19-cv-00261-ADA (W.D. Tex. May 29, 2019)). "If a plaintiff has evidence of an attorney-client relationship between a foreign defendant and domestic counsel, a common method of service is service of process on a defendant's United States based attorney." *Id.* at 7 (citing *In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 931 (N.D. Ill. 2009)). "By effecting service of process on a corporation's known U.S. counsel, a corporation is reasonably certain to be apprised of the pending actions, if it is not

5

already aware of them." *Id.* (citing *Terrestrial Comms LLC v. NEC Corp.*, No. 6:19-CV-00597-ADA, 2020 U.S. Dist. LEXIS 110983, at *10-11 (W.D. Tex. June 24, 2020); *STC.UNM,* 2019 U.S. Dist. LEXIS 231994, at *6).

### III. ARGUMENT

"[T]his Court has held that seeking to avoid unnecessary delay and expense in serving a foreign defendant through the Hague Convention is a valid reason to grant a request for alternative service of process." *WSOU Investments*, D.I. 27 at 7 (citing *Affinity Labs*, 2014 WL 11342502, *4). The delay and expense in serving a Chinese entity is, at this time, considerable and, given that Lenovo Group is already aware of the litigation, unwarranted here. As set forth below, the requested alternative service is both appropriate and compliant with due process.

### A. Alternative Service is Appropriate Against Signatories to the Hague Convention

Lenovo Group is located in China, which is a signatory to the Hague Convention. This does not mean, however, that service pursuant to Hague Convention Procedures is mandatory. "Service of process on a foreign defendant pursuant to the Hague Convention is mandatory only if the method of serving process involves the transmittal of documents abroad." *WSOU Investments*, D.I. 27 at 8 (citing *Sheets v. Yamaha Motors Corp., U.S.A.,* 891 F.2d 533, 537 (5th Cir. 1990)). In other words, "if domestic service on a foreign corporation were effected properly," such as through authorized alternative means of service, "the Hague Convention would not require additional, international service." *Affinity Labs,* 2014 WL 11342502, *2 (quoting *Giencore Ltd. v. Occidental Argentina Exploration & Prod., Inc.*, Civ.A H-11-3070, 2012 WL 591226 (S.D. Tex. Feb. 22, 2012)); s*ee also Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) (finding service of process on foreign corporation through domestic subsidiary to be valid, even though service procedures did not comply with the Hague Convention). In *WSOU Investments*,

this Court held that authorized service on a foreign Chinese corporation through its U.S. Counsel and/or its U.S. domestic subsidiary would not require transmittal of service documents abroad and, thus, the plaintiff would not have to strictly comply with the procedures enumerated by the Hague Convention. *See WSOU Investments*, D.I. 27 at 8.

### B. Service on Lenovo Group's Outside Counsel And/Or on Lenovo (US) Comports with Due Process

Service of the summons and complaint for this action on Lenovo Group's counsel, John Guaragna of DLA, or its U.S. subsidiary, Lenovo (US), meets the constitutional threshold of due process. Because this case is pending in the Western District of Texas, service of process is valid if it complies with the Texas Long-Arm Statute. The Texas Long-Arm Statute has been interpreted "to reach as far as the federal constitutional requirements of due process will allow." *WSOU Investments*, D.I. 27 at 9 (citing *Terrestrial*, 2020 U.S. Dist. LEXIS 110983 at *7). Due process requires that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford an opportunity to present their objections." *Id*. (citing *Mullane*, 339 U.S. at 314); *see also Affinity Labs*, 2014 WL 11342502, *3; *RPost Holdings*, 2012 WL 194388, at *2.

The alternative means of service requested here does not offend due process. Lenovo Group was provided a copy of the Complaint, two of its U.S. subsidiaries have already been served and are parties to this action, and all defendants (including Lenovo Group) are represented by the same law firm as evidenced by DLA's proposed stipulation. *See, e.g.*, Ex. A, 11/12/21 Letter Beaber to Lenovo; Ex. C, E-Mail Chain between J. Guaragna and M. Chibib; D.I. 11-12. Put simply, Lenovo Group cannot dispute that it is aware of the pendency of this action and will be afforded an opportunity to present its objections.

In addition to the actual notice that has clearly been provided, "[b]y effecting service of process on a corporation's known U.S. counsel, a corporation is reasonably certain to be apprised of the pending actions, if it is not already aware of them." *WSOU Investments*, D.I. 27 at 7. Furthermore, the Fifth Circuit has held that "[i]n regard to foreign defendants, even if a domestic subsidiary is not explicitly authorized by its foreign parent corporation as an agent for service, the subsidiary might still be capable of receiving such service." *Lisson v. ING GROEP N.V.*, 262 Fed. Appx. 567, 570 (5th Cir. 2007). When applying a state long-arm statute, "as long as a foreign corporation exercises such control over the domestic subsidiary that the two entities are essentially one, process can be served on a foreign corporation by serving its domestic subsidiary—without sending documents abroad." *Id.* (quoting *Sheets v. Yamaha Motors Corp. U.S.A.*, 891 F.2d 533, 536 (5th Cir. 1990)).

Here, Lenovo (US) is a wholly-owned subsidiary of Lenovo Group and shares the same "Lenovo" company name. Additionally, Lenovo (US)'s counsel, Mr. Guaragna, has been the point of contact for conversations for all defendants, including Lenovo Group. *See, e.g.*, Ex. C, E-Mail Chain between J. Guaragna and M. Chibib. Thus, service upon Mr. Guaragna or Lenovo (US) in this case is appropriate. *Affinity Labs*, 2014 WL 11342502, *4 (deeming service on domestic subsidiary or its counsel appropriate where the companies shared the same name, where the domestic entity was a wholly-owned subsidiary, and where the domestic entity's counsel had been the point of contact for the foreign entity and had represented the foreign entity in other actions.).

## IV. CONCLUSION

For the foregoing reasons, Maxell requests that the Court authorize, under Fed. R. Civ. P. 4(f)(3), service of the summons and complaint on Lenovo Group through their U.S. Counsel, John Guaragna of DLA Piper LLP, and/or on its U.S. subsidiary, Lenovo (United States) Inc.

PUBLIC VERSION

Dated: January 10, 2022          By:     */s/Michael Chibib*
                                         Michael Chibib
                                         Texas Bar No. 00793497
                                         BRACEWELL LLP
                                         111 Congress Avenue, Suite 2300
                                         Austin, Texas 78701
                                         Telephone: (512) 472-7800
                                         Facsimile: (800) 404-3970
                                         michael.chibib@bracewell.com

                                         Jamie B. Beaber
                                         Pro Hac Vice Application to be Filed
                                         MAYER BROWN LLP
                                         1999 K Street, NW
                                         Washington, DC 20006
                                         Telephone: (202) 263-3000
                                         Facsimile: (202) 263-3300
                                         jbeaber@mayerbrown.com

                                         Geoff Culbertson
                                         Kelly Tidwell
                                         Patton, Tidwell & Culbertson, LLP
                                         2800 Texas Boulevard (75503)
                                         Post Office Box 5398
                                         Texarkana, TX 75505-5398
                                         Telephone: (903) 792-7080
                                         Facsimile: (903) 792-8233
                                         gpc@texarkanalaw.com
                                         kbt@texarkanalaw.com

                                         Craig D. Cherry
                                         State Bar No. 24012419
                                         Mark D. Siegmund
                                         State Bar No. 24117055
                                         Justin Allen
                                         State Bar No. 24081977
                                         STECKLER WAYNE COCHRAN
                                         CHERRY, PLLC
                                         8416 Old McGregor Road
                                         Waco, Texas 76712
                                         Telephone: (254) 651-3690
                                         Facsimile: (254) 651-3689
                                         craig@swclaw.com
                                         mark@swclaw.com
                                         justin@swclaw.com

                                         *Counsel for Plaintiff Maxell, Ltd.*

9

PUBLIC VERSION

## CERTIFICATE OF CONFERENCE

This is to certify that on Thursday, January 6, 2022, I emailed John Guaragna, counsel for the Defendant about this motion for leave and received no response. This motion is opposed.

*/s/ Michael Chibib*
Michael Chibib

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing via electronic mail to all counsel of record.

*/s/Michael Chibib*
Michael Chibib