IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MAXELL, LTD.,<br><br>      Plaintiff,<br><br>  v.<br><br>LENOVO GROUP LTD., LENOVO (UNITED STATES) INC., AND MOTOROLA MOBILITY LLC,<br><br>      Defendants. | Civil Case No. 6:21-cv-01169-ADA |

**DEFENDANTS LENOVO (UNITED STATES) INC.'S AND MOTOROLA MOBILITY LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR IMPROPER VENUE UNDER <u>FEDERAL RULE OF CIVIL PROCEDURE 12(B)(3)</u>**

## TABLE OF CONTENTS

                                                                                                **Page**

I. INTRODUCTION ............................................................................................................1
II. PROCEDURAL BACKGROUND...................................................................................2
III. LEGAL STANDARD......................................................................................................3
IV. ARGUMENT ...................................................................................................................4
    A. Defendants Do Not Reside in This District. ........................................................4
    B. Defendants Do Not Have a Regular and Established Place of Business in This District. ...................................................................................................................5
        1. Defendants Do Not Own or Operate any Places of Business in This District. ............5
        2. Third-Party "Authorized Service Providers" And "Authorized Dealers" Are Not Places of Business of the Defendants. ........................................................................6
V. CONCLUSION.................................................................................................................8

WEST\297445743.2

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bd. of Regents v. Medtronic PLC*,
  No. A-17-CV-0942-LY, 2018 WL 4179080 (W.D. Tex. July 19, 2018) .................................3

*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017) ................................................................................... *passim*

*EMED Techs. Corp. v. Repro-Med Sys., Inc.*,
  No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564 (E.D. Tex. June 4, 2018) ..........................3

*Gesture Tech. Partners, LLC v. Lenovo Group Ltd., et al.*,
  Case 6:21-cv-00122-ADA (W.D. Tex. 2021) ................................................................ *passim*

*In re Google LLC*,
  949 F.3d 1338 (Fed. Cir. 2020) ...........................................................................................3, 7

*Motorola Mobility LLC v. Maxell, Ltd.*,
  Case No. 1-22-cv-00256 (N.D. Ill. Jan. 14, 2022) ..................................................................2

*Schnell v. Peter Eckrich & Sons, Inc.*,
  365 U.S. 260 (1961) ................................................................................................................3

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
  __U.S.__, 137 S. Ct. 1514 (2017) ...................................................................................2, 3, 8

*In re ZTE (USA) Inc.*,
  890 F.3d 1008 (Fed. Cir. 2018) ...........................................................................................3, 6

**Statutes**

28 U.S.C. § 1400(b) ...............................................................................................................2, 3, 4

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(3) .................................................................................1, 2, 8

Pursuant to Federal Rule of Civil Procedure 12(b)(3), Defendants Lenovo (United States) Inc. ("Lenovo US") and Motorola Mobility LLC ("Motorola Mobility") (collectively "Defendants")[1] respectfully move to dismiss the First Amended Complaint filed by Plaintiff Maxell, Ltd. ("Maxell") for improper venue.

## I. INTRODUCTION

On December 29, 2021, the Court granted a motion to dismiss for improper venue filed by Lenovo US and Motorola Mobility, correctly finding that "Defendants do not have a regular and established place of business in the Western District of Texas." *Gesture Tech. Partners, LLC v. Lenovo Group Ltd., et al.*, Case 6:21-cv-00122-ADA (W.D. Tex. Dec. 29, 2021), ECF No. 43 at 3 ("the *Gesture* Order"). That ruling applies equally to this case, especially because Maxell's venue allegations repeatedly cite and rely on the venue allegations and motion practice from the *Gesture* case. *See* ECF No. 38 at ¶¶ 39, 41. Like Gesture, Maxell fails to allege that Defendants have physical places of business in this District. Instead, Maxell's venue allegations focus exclusively on: (1) the presence of Lenovo employees who work from home in this District; (2) Lenovo job postings for positions in Illinois, California, and North Carolina that list Austin, Texas as an "Additional Location"; and (3) third-party, independently operated "Authorized Service Providers" and "Authorized Dealers" in this District. *Id*. at ¶¶ 39-42.

As the Court correctly found in the *Gesture* Order, Maxell's allegations are legally insufficient to support venue in this District because: (1) neither Lenovo US nor Motorola Mobility have any regular and established places of business in this District (*Gesture* Order at 3-

---

[1] Defendant Lenovo Group Ltd. has not been properly served with process in this case and therefore has not entered an appearance, so this motion is filed on behalf of Lenovo US and Motorola Mobility only. Defendant Lenovo Group Ltd. reserves all of its rights to challenge improper service, venue, and jurisdiction.

1

4); (2) the mere presence of employees in this District is not sufficient to satisfy a regular and established place of business of Defendants (*id*. at 4-6); and (3) Maxell fails to show that third-party "Authorized Service Providers" or "Authorized Dealers" are regular and established places of business of the Defendants (*id*. at 6-8). As in *Gesture*, Maxell's amended complaint should therefore be dismissed for improper venue under Federal Rule of Civil Procedure 12(b)(3).

Notably, despite Defendants having moved to dismiss Maxell's original complaint for improper venue (*see* ECF No. 19), Maxell's amended complaint contains the <u>identical</u>, legally insufficient venue allegations as its original complaint. *Compare* ECF No. 1 at ¶¶ 39-43 *with* ECF No. 38 at ¶¶ 39-43. Thus, it is clear Maxell cannot properly plead venue, but Maxell has refused to dismiss this case, forcing Defendants to file this motion a second time.

## II. PROCEDURAL BACKGROUND

Maxell filed its original complaint against Defendants on November 12, 2021, alleging infringement of U.S. Patent Nos. 6,928,292, 7,072,673, 7,199,821, 7,577,417, 7,952,645, 8,059,177, 8,098,695, and 9,420,212 and accusing various families of smartphones offered by Motorola Mobility. *See* ECF No. 1 at ¶¶ 46-203. On February 4, 2022, Maxell filed its amended complaint against Defendants, replacing U.S. Patent No. 7,199,821 with U.S. Patent No. 7,551,209 but making identical venue allegations as its original complaint. *See* ECF No. 38 at ¶¶ 39-43. Maxell alleges venue is proper in this District based on: (1) Lenovo's purported "admissions" about the existence of certain work-from-home employees in this District from the motion to dismiss briefing in the *Gesture* case (*id*. at ¶ 39); (2) Lenovo job postings for positions in Illinois, California, and North Carolina that list Austin, Texas as an "Additional Location" (*id*. at ¶ 40); and (3) the alleged existence of third-party "Authorized Service Providers and/or service centers" and "Authorized Dealers" in this District (*id*. at ¶ 41-42). Under the reasoning of the

*Gesture* Order and other precedent from the Federal Circuit and this District, Maxell's allegations do not establish venue in this District.[2]

## III.    LEGAL STANDARD

Under 28 U.S.C. § 1400(b), venue in patent cases is only proper outside of a defendant's state of incorporation when the defendant maintains a "regular and established place of business" in the district. *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, __U.S.__, 137 S. Ct. 1514, 1517 (2017). "The requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction." *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 264 (1961). The Federal Circuit applies a three-factor test to determine whether a defendant has a regular and established place of business in a particular venue: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). "If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *Id*. Maxell bears the burden of establishing that venue is proper. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013-14 (Fed. Cir. 2018).

The law is settled that venue cannot be imputed to a defendant based on the contacts of a third-party unless there is a reason to collapse the separate corporate forms. *See*, *e.g.*, *Bd. of Regents v. Medtronic PLC*, No. A-17-CV-0942-LY, 2018 WL 4179080, at *2 (W.D. Tex. July

---

[2] Given that venue is improper in this District, Motorola Mobility has filed a complaint in the Northern District of Illinois for declaratory judgment of noninfringement on all eight patents asserted in this case. *See Motorola Mobility LLC v. Maxell, Ltd.*, Case No. 1-22-cv-00256 (N.D. Ill. Jan. 14, 2022). The Northern District of Illinois is the location of Motorola Mobility's headquarters and principal place of business, so it is the proper venue to resolve the dispute between Maxell and Motorola Mobility. Because Maxell's amended complaint accuses only smartphones offered by Motorola Mobility and not any products offered by Lenovo US, Motorola Mobility also is the only proper declaratory judgment plaintiff in that case.

3

19, 2018); *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564, at *2 (E.D. Tex. June 4, 2018) (Bryson, J.) (collecting cases).  The Federal Circuit emphasizes that any physical location forming the basis of venue in a district must be "of the defendant."  *Cray*, 871 F.3d at 1363 (emphasis added).  In the same vein, for the "regular and established place of business" factor, the "venue statute should be read to exclude agents' activities, such as maintenance, that are merely connected to, but do not themselves constitute, the defendant's conduct of business in the sense of production, storage, transport, and exchange of goods or services."  *In re Google LLC*, 949 F.3d 1338, 1347 (Fed. Cir. 2020).

## IV. ARGUMENT

Under Section 1400(b), which "is the sole and exclusive provision controlling venue in patent infringement actions," *TC Heartland*, 137 S. Ct. at 1519, venue is not proper in this case for either Defendant.  As the Court correctly found in the *Gesture* Order, Defendants neither reside in this District nor do they have regular and established places of business here.

### A. Defendants Do Not Reside in This District.

Maxell cannot satisfy the first prong of Section 1400(b) because neither Defendant is incorporated in Texas.  *See Gesture* Order at 3 ("it is undisputed that venue would be improper as to Defendants under the first prong of 28 U.S.C. § 1400(b).").  Lenovo US resides in North Carolina, and Motorola resides in Delaware.  *See id*; *see also* Declaration of Jesal Acharya ("Acharya Decl.") at ¶ 3.  Thus, Defendants "reside" in North Carolina and Delaware, not Texas.  Defendants' residence therefore cannot provide a basis for venue in this District.

4

### B. Defendants Do Not Have a Regular and Established Place of Business in This District.

#### 1. Defendants Do Not Own or Operate any Places of Business in This District.

Maxell cannot satisfy the second prong of Section 1400(b) either. Defendants do not own or operate any places of business in this District (Acharya Decl. ¶¶ 8-9), and Maxell does not in its amended complaint allege any facts to the contrary. Rather, Maxell alleges that "Lenovo has admitted that they have at least 53 employees in this District," that "they provide reimbursement to their employees to maintain home offices in this District," and that "at least 12 of Lenovo's employees in this District have received funds from Lenovo to establish home offices in this District." ECF No. 38 at ¶ 39. Maxell's citations in paragraph 39 of its amended complaint come from Gesture's <u>unsuccessful</u> opposition to Defendants' motion to dismiss in the *Gesture* case. *Id.* (citing "*Gesture Technology Partners, LLC v. Lenovo Group Ltd. et al.*, 6:21-cv-00122 (E.D. Tex. [sic] October 13, 2021, Dkt. No. 32 at 2"). But as the Court correctly ruled in the *Gesture* case, "the mere presence of employees in this district is not sufficient to satisfy a regular and established place of business of the Defendants." *Gesture* Order at 4. The Court further ruled that "it is not enough that a physical location exists in the district where an employee performs work for his employer." *Id.* (citing *Am. Cyanamid Co. v. Nopco Chem. Co.*, 388 F.2d 818 (4th Cir. 1968)). Regarding the one-time nationwide reimbursement policy, the Court found that "the reimbursement policy was not conditioned on the employees living in the District." *Id.* (citing *Cray*, 871 F.3d at 1365). Examining the *Cray* factors related to determining if an employee's home is a "place of the defendant," the Court concluded that:

> Defendants do not own, lease, or rent any portion of the employees' homes, they did not play a role in selecting the location or condition employment on the maintenance of the location, and Plaintiff has provided no evidence to show that Defendants store inventory or conduct demonstrations at the employees' homes.

5

*Id*. at 5.  The Court entered the *Gesture* Order six weeks ago on December 29, 2021.  Nothing has changed that would compel a different result here, nor do Maxell's allegations compel any different result.  In particular, Maxell's allegations about "job listings for positions in this District" (ECF No. 38 at ¶ 40) do not change the Court's conclusion because (1) the cited job postings are for positions in Illinois, California, and North Carolina, and merely list Austin, Texas as one of the "Additional Locations" for the positions, and (2) Maxell does not allege those job postings were filled with employees in this District or that those employees should be treated any differently than those analyzed in the *Gesture* Order.

### 2. Third-Party "Authorized Service Providers" And "Authorized Dealers" Are Not Places of Business of the Defendants.

Once again citing Gesture's unsuccessful opposition briefing, Maxell alleges the existence of "Authorized Service Providers" and "Authorized Dealers" in this District.  ECF No. 38 at ¶¶ 41-42.  As the Court recognized in the *Gesture* Order, "for venue purposes, any repair or sale from a service center or reseller is a one-time event and, therefore, does not constitute the conduct of a 'regular and established place of business.'"  *Gesture* Order at 6 (citing *In re Google*, 949 F.3d at 1346 ("The installation activity does not constitute the conduct of a 'regular and established business' since it is a one-time event for each server.")).  The Court further found in *Gesture* that, "for the third party authorized service centers and resellers to satisfy the third element of *Cray*, a 'place of the defendants,' they must act as agents of the defendants."  *Id*.; *see also Cray*, 871 F.3d at 1363 (any physical location forming the basis of venue in a district must be "of the defendant"); *ZTE*, 890 F.3d at 1015.  For a business location to be a place of the defendant, "the defendant must establish or ratify the place of business."  *Cray*, 871 F.3d at 1363.  The Federal Circuit has set forth several factors to consider under this inquiry, including: (1) "whether the defendant owns or leases the place, or exercises other attributes of possession or

6

control over the place"; (2) "whether the defendant conditioned employment on an employee's continued residence in the district or the storing of materials at a place in the district so that they can be distributed or sold from that place"; (3) "[m]arketing or advertisements … but only to the extent they indicate that the defendant itself holds out a place for its business"; and (4) "defendant's representations that it has a place of business in the district" including "whether the defendant lists the alleged place of business on a website, or in a telephone or other directory; or places its name on a sign associated with or on the building itself." *Id.* at 1363-64.

None of these factors support Maxell's venue allegations. In *Gesture*, the Court examined factors related to agency and correctly concluded:

> Defendants do not have the "right to direct or control" the third-party service centers and resellers' actions. The service providers and resellers work on and sell electronics brands, including some of Defendants' direct competitors. The mere presence of a contractual relationship between Defendants and the authorized service centers in which the service centers help Defendants' customers does not necessarily make the service center a "regular and established place of business" of the Defendants.

*Gesture* Order at 7 (internal citations omitted) (citing *ZTE*, 890 F.3d at 1015). The same is true here. The "Authorized Service Providers" and "Authorized Dealers" that Maxell points to are non-exclusive service and repair providers for one of the Defendant's products. They are third-party businesses, and Defendants do not own, operate, control, or have any partnership or contractual relationship with these businesses. *See* Acharya Decl. ¶ 5. Defendants have no control over where the third-party service centers are located or their presence in the District. *See id*. Further, Defendants do not advertise that the third-party service centers are Defendants' places of business; in fact, the contrary is true. *Id*. Remarkably, three of the four "Authorized Dealers" Maxell lists in its amended complaint (ECF No. 38 at ¶ 42) do not even appear to have

7

physical locations in this District. *See* Defendants' Exs. 1-3 (webpages from three of the alleged "Authorized Dealers").

Thus, none of the *Cray* factors support the cited third-party businesses as "places of" Defendants. Given that Defendants have no ownership or other relationship with the cited service centers in this District, the first three *Cray* factors cannot apply. And as to the fourth factor, Defendants have not made any representations that they have a place of business in this District. The only evidence Maxell cites is a "Find a Reseller" web page. But the link provided in the amended complaint (https://www.lenovo.com/us/en/landingpage/resellerlocator/) is not an active web page, nor is there anything indicating that the resellers are Defendants' places of business. *See* ECF No. 38 at ¶ 42.

Furthermore, as the Court found in *Gesture*, the third-party service providers "are independently owned and operated." *Gesture* Order at 7. As discussed above, unlike a formal agency relationship (*see Google*, 949 F.3d at 1345), Defendants do not control the activities these third-party service centers or resellers perform in this District. *See* Acharya Decl. ¶ 5. As the Court correctly concluded in *Gesture*, "Defendants and the third-party authorized service centers and resellers are independent corporations and companies. The companies are not related and therefore venue cannot be imputed to Defendants." *Gesture* Order at 8. "In sum, [Maxell] fails to point to any facts that these third parties support venue in this District." *Id*. at 8 (collecting cases).

## V. CONCLUSION

Because Defendants do not reside in this District and do not have a "regular and established place of business" in this District, under *TC Heartland*, *Cray*, and the *Gesture* Order, venue is improper. Defendants respectfully request the Court dismiss this action for improper venue under Federal Rule of Civil Procedure 12(b)(3).

8

Dated:  February 10, 2022

Respectfully submitted,

*/s/ John M. Guaragna*
John M. Guaragna
Texas Bar No 24043308
DLA PIPER LLP (US)
303 Colorado St., Suite 3000
Austin, TX  78701
Tel: 512.457.7125
Fax: 512.457.7001
john.guaragna@us.dlapiper.com

ATTORNEYS FOR DEFENDANTS
LENOVO (UNITED STATES) INC. AND
MOTOROLA MOBILITY LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of February 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.  Any other counsel of record will be served by first class U.S. mail.

*/s/ John M. Guaragna*
John M. Guaragna