IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| MAXWELL, LTD., <br>     Plaintiff, <br><br> v. <br><br> LENOVO GROUP LTD., LENOVO (UNITED STATES) INC., AND MOTOROLA MOBILITY LLC, <br>     Defendants. | § § § § § § § § § § | NO. 6:21-CV-1169 <br><br> JURY TRIAL DEMANDED |

## ORDER GRANTING PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE

Came for consideration on this date is Plaintiffs' Motion for Leave to Effect Alternative Service on Chinese Defendants Lenovo Group Ltd. ECF No. 15. Plaintiff filed its Motion on January 10, 2022. Defendants filed their Response on January 18, 2022. ECF No. 18. Plaintiff filed its Reply on February 1, 2022. ECF No. 37. After careful consideration of the Motion and the applicable law, the Court **GRANTS** Plaintiff's Motion.

### I. BACKGROUND

Plaintiff Maxwell Ltd. ("Maxwell") sued Lenovo Group Ltd. ("LGL"), Lenovo (United States) Inc. (LUS), and Motorola Mobility LLC ("Motorola"), alleging that each of the Defendants have infringed on eight of its patents. ECF No. 1. Maxwell asserts in its Complaint that LGL is a Chinese corporation with its principal place of business in Beijing. ECF No. 1 ¶ 33. Defendants contend that LGL is a holding company registered in Hong Kong. ECF No. 18 at 6. LUS is a Delaware corporation with its principal place of business in North Carolina. ECF No. 1 ¶ 34. Maxwell seeks an order from the Court permitting alternative service on LGL pursuant to Federal Rule of Civil Procedure 4(f)(3).

1

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(h)(2) states that a foreign corporation served outside the United States are to be served "in any manner prescribed by Rule 4(f) for serving an individual, expect personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). "Rule 4(f)(3) provides that the Court may authorize service on a foreign individual 'by other means not prohibited by international agreement.'" *STC.UNM v. Taiwan Semiconductor Manufacturing Co. Ltd.* ("*STC.UNM v. TSMC*"), No. 6:19-cv-261-ADA, 2019 U.S. Dist. LEXIS 231994, at *3 (W.D. Tex. May 29, 2019) (quoting Fed. R. Civ. P. 4(f)(3)). "Thus, so long as the method of service is not *prohibited* by international agreement the Court has considerable discretion to authorize an alternative means of service." *Id.* (citing *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).

## III. ANALYSIS

Maxwell requests leave to effect alternative service under Rule 4(3)(f) to serve LGL through its U.S. Counsel, John Guaragna of DLA Piper LLP, and/or its U.S. subsidiary LUS. ECF No. 15 at 1. Defendants argue that the Court should first deny Maxwell's request because Maxwell must first attempt service through the Hague Convention. ECF No. 18 at 1. Defendants also contend that Maxwell's Motion should be denied because the proposed service does not comport with due process. *Id.* In its Reply, Maxwell argues that service pursuant to the Hague Convention is not mandatory and that alternative service of process on LGL is justified. ECF No. 37 at 1. For the reasons set forth below, the Court agrees with Maxwell and finds that serving Defendants' U.S. counsel by email comports with constitutional due process requirements, as does the request to serve the U.S. subsidiary LUS.

**A. Alternative service is justified because Maxwell has made several attempts to serve LGL.**

The Court will permit alternative service here because Maxwell has shown that it attempted service through other means first. To be sure, the Federal Rules of Civil Procedure do not demand that a plaintiff "attempt to effect service under Rule 4(f)(1) before requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3)." *UNM Rainforest Innovations v. D-Link Corp.*, No. 6-20-CV-00143-ADA, 2020 U.S. Dist. LEXIS 122328, at *4-5 (W.D. Tex. July 13, 2020) (quoting *Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, No. WA:13-cv-369, 2014 U.S. Dist. LEXIS 185740, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014)). Indeed, "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' . . . It is merely one means among several which enables service of process on an international defendant." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (quoting *Forum Fin. Grp. v. President & Fellows of Harvard Coll.*, 199 F.R.D. 22, 23 (D. Me. 2001)). As this Court has recognized, "district courts are more likely to permit alternative service by email if service in compliance with the Hague Convention was attempted." *Terrestrial Comms LLC v. NEC Corp.*, No. 6:19-CV-00597-ADA, 2020 U.S. Dist. LEXIS 106909 (W.D. Tex. June 17, 2020) (collecting cases). But attempting service under the Hague Convention is not a prerequisite to requesting alternative service. *See Affinity* 2014 WL 11342502, at *1 ("A plaintiff does not have to attempt to effect service under Rule 4(f)(1) or Rule 4(f)(2) prior to requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3).") This Court has time-and-again recognized that "principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant." *Terrestrial Comms*, 2020 U.S. Dist. LEXIS 106909 at *6 (quoting *Midmark Corp. v. Janak Healthcare Private Ltd.*, No. 3:14-cv-088, 2014 U.S. Dist. LEXIS 60665, 2014 WL 1764704, at *2 (S.D. Ohio

May 1, 2014)). Here, the Court will exercise its discretion to grant Maxwell's motion for alternative service.

Maxwell has made several attempts to effect service on LGL. First, Maxwell was in contact with LGL representative Fergal Clarke before the lawsuit, sent a courtesy copy of the Complaint to him, and requested waiver of service. ECF No. 37 at 1–2. Second, Maxwell completed hand-delivery on LUS's registered agent. *Id.* at 2. Third, Maxwell completed hand delivery under Article 10(b) of the Hague Convention at LGL's principal place of business in Hong Kong. *Id.* Fourth, Maxwell sent a copy of the service materials to LGL's counsel. *Id.* Those actions are sufficient to show that Maxwell has made other efforts to serve LGL, and therefore distinguish prior cases in this Court where plaintiffs have failed to try to serve defendants through other means first. *See The Trustees of Purdue Univ. v. STMicroelectronics N.V.et al.*, No. 6:21-CV-00727-ADA, 2021 WL 5393711, at *1 (W.D. Tex. Nov. 18, 2021) ("The Court will not permit alternative service here where Purdue has not shown that it has at least made some effort to serve ST-INTL through the Hague Convention, to which the Netherlands is a signatory."); *Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzen) Tech. Ltd.*, No. 6:20-CV-00876-ADA, 2021 WL 4974040, at *1 (W.D. Tex. Oct. 25, 2021) ("The Court will not permit alternative service here where MPS has not shown that it has at least made some effort to serve QBT and STIT through other means first.").

As Maxwell notes, the facts here are more like *Terrestrial Comms. LLC v. NEC Corp.*, No. 6:19-cv-597, 2020 WL 3270832 (W.D. Tex. Jun. 17, 2020). Like Maxwell, the plaintiff in that case attempted personal delivery at defendant's Tokyo headquarters, and its counsel repeatedly asked for waiver of service. *Id.* at *1. This Court granted alternative service, in part because the defendants' opposition was "an attempt to further delay resolution of the lawsuits rather than as a method of ensuring [defendant's] appraisal of the pending suits." *Id.* at *4. Those same tactics

4

appear to be present here as LGL, who clearly is aware of the present action, seeks to use procedural hurdles to prevent the timely resolution of this case.

The facts, taken together, show that alternative service is proper in this case. Maxwell has made several attempts to effect service, and LGL is plainly aware of the action. This is a case where the Court will exercise discretion in granting Plaintiff the ability to effect alternative service.

**B. Maxwell's proposed methods of alternative service comport with due process.**

Because the claims were brought in the Western District of Texas, an alternative method of service of process is valid if it complies with Texas' long-arm statute. The Texas long-arm statute does not require the transmittal of documents abroad when serving a foreign defendant. *Fundamental Innovation Sys. Int'l, LLC v. ZTE Corp.*, No. 3:17-cv-01827-N, 2018 WL 3330022, at *3 (N.D. Tex. Mar. 16, 2018) (quoting *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex. 2007)).

Courts have repeatedly interpreted the Texas long-arm statute "to reach as far as the federal constitutional requirements of due process will allow." *CSR Ltd. v. Link,* 925 S.W.2d 591, 594 (Tex. 1996); *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.,* 815 S.W.2d 223, 226 (Tex. 1991); *U-Anchor Adver. Inc. v. Burt,* 553 S.W.2d 760, 762 (Tex. 1997). To satisfy the constitutional requirements of due process, the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). Due process is satisfied when efforts at giving notice provide fundamental fairness by exhibiting a reasonable probability of actual notice. *Id.* at 317-18.

Defendants argue that alternative service is improper because this Court does not have personal jurisdiction over LGL. ECF No. 18 at 1. But Defendants provide no justification as to why this Court should deny a motion for leave to effect alternative service based on the

Defendants' belief that the Court lacks personal jurisdiction over a defendant. In fact, this Court has even held that jurisdiction over LGL is proper in other cases before this Court. *Acqis LLC v. Lenovo Group Ltd., et al.*, Case No. 6:20-cv-00967-ADA (Nov. 16, 2021, W.D. Tex.), ECF No. 102. Although this Order does not express this Court's opinion on personal jurisdiction over LGL, and is limited to granting Maxwell leave to effect alternative service, the Court finds that LGL's argument on jurisdiction affecting alternative service is unpersuasive.

Maxwell's proposed method of alternative service to email LGL's U.S. counsel comports with due process. This Court has held that "[e]-mail on the domestic counsel of a foreign defendant complies with constitutional notions of due process, because it is reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *WSOU Investments LLC v. OnePlus Technology (Shenzhen) Co., Ltd.*, C.A. No. 6:20-cv-00952-ADA, 2021 WL 2870679, at *5 (W.D. Tex. July 8, 2021). LGL is already aware of this action and has been given an opportunity to present its objections. An email to LGL's counsel will likewise be sufficient to comport with due process requirements.

Service on LUS, LGL's U.S. subsidiary, would also comport with due process. The Fifth Circuit has held that service on a domestic subsidiary is proper under certain circumstances. *Lisson v. ING GROEP N.V.*, 262 Fed. Appx. 567, 570 (5th Cir. 2007) ("In regard to foreign defendants, even if a domestic subsidiary is not explicitly authorized by its foreign parent corporation as an agent for service, the subsidiary might still be capable of receiving such service."). Such circumstances include when the two companies share the same name, the subsidiary is wholly owned by the parent, and counsel for the foreign parent is the same counsel for the domestic subsidiary. *Affinity*, 2014 WL 11342502, at *1 (citing *Lisson*, 262 Fed. Appx. At 570 ("as long as a foreign corporation exercises such control over the domestic subsidiary that the two entities are

essentially one, process can be served on a foreign corporation by serving its domestic subsidiary—without sending documents abroad."). Here, both the parent and the subsidiary share the name "Lenovo", LUS is a wholly owned subsidiary of LGL, and John Guaragna is counsel and the point of contact for both entities. ECF No. 15 at 8. There is thus a sufficient connection between the two entities that is reasonably certain to result in LGL receiving notice of this suit.

In sum, both of Maxwell's proposed methods for alternative service comport with due process.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Effect Alternative Service on Lenovo Group Ltd. is **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff may serve Defendant Lenovo Group Ltd. via email upon its current U.S. counsel John Guaragna of DLA Piper LLP or via registered mail carrier with return receipt upon Lenovo Group Ltd.'s U.S. subsidiary, Lenovo (United States) Inc., located at 1009 Think Place, Morrisville, North Carolina 27650.

SIGNED this 15th day of February, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE