**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **MAXELL, LTD.,** | |
| Plaintiff, | Civil Case No. 6:21-cv-01169-ADA |
| v. | |
| **LENOVO GROUP LTD., LENOVO (UNITED STATES) INC., AND MOTOROLA MOBILITY LLC,** | |
| Defendants. | |

**DEFENDANT LENOVO GROUP LTD.'S MOTION TO DISMISS**
**FOR LACK OF PERSONAL JURISDICTION**
**AND FAILURE TO STATE A CLAIM**

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION .................................................................................................. 1

II.    BACKGROUND .................................................................................................... 2

III.   LEGAL STANDARD ............................................................................................ 3

     A.    Personal Jurisdiction ................................................................................. 3

     B.    The Pleading Standard .............................................................................. 6

IV.   ARGUMENT ......................................................................................................... 6

     A.    The Court Lacks Personal Jurisdiction Over LGL. ................................. 6

           1.    Maxell Does Not Plead Any Separate Or Unique Jurisdictional Facts Against LGL. ................................................................... 7

           2.    Maxell Cannot Establish That Lenovo US Or Motorola Mobility Are Alter Egos Of LGL. .................................................... 8

           3.    The Court's Decision In ACQIS Is Distinguishable. .............................. 10

     B.    The Court Should Dismiss Maxell's Claims Of Direct Infringement Because Maxell Does Not Plausibly Allege Any Infringing Conduct By LGL. ............................................................................................. 12

V.    CONCLUSION ..................................................................................................... 14

WEST/297510191

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*ACQIS LLC v. Lenovo Group Ltd., et al.*,
   W-20-CV00967-ADA (Nov. 16, 2021, W.D. Tex.) ........................................................10, 11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).........................................................................................................13

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
   566 F.3d 1012 (Fed. Cir. 2009).........................................................................................4

*Barnett v. Am. Gen. Life Ins. Co.*,
   No. A-09-CA-935-SS, 2010 WL 11566353 (W.D. Tex. Oct. 7, 2010)...................................13

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...................................................................................................5, 6, 13

*Berry v. Lee*,
   428 F. Supp. 2d 546 (N.D. Tex. 2006) ..............................................................................5

*BMC Software Belgium N.V. v. Marchand*,
   83 S.W.3d 789 (Sup. Ct. Tex. June 27, 2002) ...................................................................9

*Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*,
   444 F.3d 1356 (Fed. Cir. 2006).........................................................................................3

*Brooks & Baker, L.L.C. v. Flambeau, Inc.*,
   No. 2:10-cv-146-TJW-CE, 2011 WL 4591905 (E.D. Tex. Sep. 30, 2011) .............................5

*Carlton v. Freer Inv. Grp., Ltd.*,
   No. 15-cv-946, 2017 WL 11046201 (W.D. Tex. Aug. 8, 2017)...............................................6

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)..........................................................................................................3

*Dickson Marine Inc. v Panalpina, Inc.*,
   179 F.3d 331 (5th Cir. 1999) ............................................................................................9

*Elecs. For Imaging Inc. v. Coyle*,
   340 F.3d 1344 (Fed. Cir. 2003)..........................................................................................4

*Freudensprung v. Offshore Tech. Servs., Inc.*,
   379 F.3d 327 (5th Cir. 2004) ...................................................................................7, 8, 12

ii

*Fundamental Innovation Sys. Int'l, LLC v. ZTE Corp.*,
No. 3:17-CV-01827-N, 2018 WL 3330022 (N.D. Tex. Mar. 16, 2018).............................5, 8

*Grober v. Mako Prod., Inc.*,
686 F.3d 1335 (Fed. Cir. 2012).................................................................................................6

*Hargrave v. Fibreboard Corp.*,
710 F.2d 1154 (5th Cir. 1983) ........................................................................ *passim*

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945)....................................................................................................................3

*Microsoft Corp. v. AT&T Corp.*,
550 U.S. 437 (2007)..................................................................................................................13

*Miles v. Am. Telephone & Telegraph Co.*,
703 F.2d 193 (5th Cir. 1983) .....................................................................................................9

*Nat'l Steel Car Ltd. v. Greenbrier Companies, Inc.*,
No. 6:19-CV-00721-ADA, 2020 WL 4289388 (W.D. Tex. July 27, 2020) .............................8

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
626 F.3d 1222 (Fed. Cir. 2010)..................................................................................................4

*Patin v. Thoroughbred Power Boats Inc.*,
294 F.3d 640 (5th Cir. 2002) .....................................................................................................4

*Reardean v. CitiMortgage, Inc.*,
No. A-11-CA-420-SS, 2011 WL 3268307 (W.D. Tex. July 25, 2011) .....................................6

*Religious Tech. Ctr. v. Liebreich*,
339 F.3d 369 (5th Cir. 2003) .....................................................................................................3

*Thomas v. Trico Products Corp.*,
No. B-05-174, 2006 WL 801506 (S.D. Tex. Mar. 28, 2006) ...................................................12

**Statutes**

35 U.S.C. § 271...................................................................................................................12, 13

**Other Authorities**

Fed. R. Civ. P. 4 ......................................................................................................................3, 6

Fed. R. Civ. P. 8 ..........................................................................................................................5

Fed. R. Civ. P. 12 ....................................................................................................................1, 2

iii

Pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6), Defendant Lenovo Group Ltd. ("LGL") respectfully requests the Court dismiss this case because the Court lacks personal jurisdiction over LGL and because Plaintiff Maxell Ltd. ("Maxell") has failed to plausibly state claims for patent infringement against LGL, which does not supply the accused products of Motorola Mobility LLC ("Motorola Mobility") in the United States.[1]

## I.      INTRODUCTION

The Court cannot and should not exercise personal jurisdiction over LGL.  As a foreign corporation based in Hong Kong, LGL has no connections to Texas or the United States and does not conduct any acts of alleged infringement in the United States.  Indeed, LGL has no places of business, no assets, and no employees in the United States, and Maxell does not allege that LGL is "acting in consort" with any other defendant, nor that LGL had any role in the allegedly infringing conduct.  Thus, Maxell cannot establish personal jurisdiction over LGL in Texas.

Even if Maxell could establish jurisdiction, Maxell does not plausibly allege LGL committed any acts of alleged infringement in the United States.  Aside from being the ultimate corporate parent of Motorola Mobility, LGL does not play any role in the supply of the Motorola Mobility smartphones that Maxell accuses of infringement.  And Maxell cannot and does not allege direct infringement based only on conduct abroad.  Maxell attempts to mask these issues by leveling its allegations against "Lenovo" collectively, but Maxell cannot ground its allegations against LGL on the actions of other companies, including subsidiary corporations.

---

[1] Defendants Lenovo (United States) Inc. ("Lenovo US") and Motorola Mobility have separately filed a motion to dismiss Maxell's first amended complaint for improper venue under Federal Rule of Civil Procedure 12(b)(3), which is pending.  *See* ECF No. 42.

WEST/297510191

LGL therefore respectfully requests that the Court dismiss this action for lack of personal jurisdiction and failure to state a claim of direct patent infringement.

## II.    BACKGROUND

On November 12, 2021, Maxell filed its original complaint against LGL, Lenovo US, and Motorola Mobility, alleging infringement of eight patents and accusing various families of smartphones offered in the United States by Motorola Mobility.  *See* ECF No. 1.  On January 10, 2022, Maxell filed an opposed motion to effect alternative service on LGL (ECF No. 15), which the Court granted on February 15, 2022.  *See* ECF No. 43.[2]  On February 4, 2022, Maxell filed an amended complaint against Defendants, replacing U.S. Patent No. 7,199,821 with U.S. Patent No. 7,551,209, but making the identical jurisdictional and venue allegations as in its original complaint.  *See* ECF No. 38 at ¶¶ 38-43.  Defendants Lenovo US and Motorola Mobility filed a second Rule 12(b)(3) motion to dismiss the amended complaint for improper venue, which is pending.  *See* ECF No. 42.

Defendant LGL is a Hong Kong holding company with its headquarters in Hong Kong that serves as a direct and indirect parent company for other Lenovo affiliates.  *See* Declaration of Adrian Chim ("Chim Decl.") ¶¶ 2-3.  LGL does not operate in the United States, make products for the United States market, or offer services to customers in the United States.  *Id*. at ¶ 4.  LGL is not registered to do business in Texas or anywhere else in the United States and has not done business in the United States for at least seven years.  *Id*. at ¶¶ 4-5.  LGL has no offices, places of business, employees, real estate, bank accounts, or other assets in Texas or in the

---

[2] LGL continues to object to the manner in which it was served in this case.  However, in light of the Court's order (ECF No. 43) permitting alternative service upon LGL's United States-based outside counsel, John Guaragna at DLA Piper, LGL has not moved to dismiss for improper service under Federal Rule 12(b)(5).  LGL reserves all of its rights to appeal the Court's decision regarding service upon LGL.

United States.  *Id.* at ¶ 4.  Lenovo US, on the other hand, is incorporated in Delaware and headquartered in Morrisville, North Carolina.  *See* Ex. 1.[3]  Lenovo US sells Lenovo-branded products in the United States.  *See* Ex. 2.  LGL is not involved in any business activities related to the use, sale, offer for sale, marketing, distribution, or importation of Lenovo US products in the United States.  *See* Chim Decl. ¶¶ 6, 10.  LGL and Lenovo US are independently operated as separate entities.  *Id.* at ¶ 10.

## III.    LEGAL STANDARD

### A.    Personal Jurisdiction

Federal Rule of Civil Procedure 4 governs the establishment of personal jurisdiction over foreign defendants.  *See* Fed. R. Civ. P. 4(f), (h), (k).  Personal jurisdiction is proper only where the state long-arm statute permits service on the defendant and the requirements of due process are satisfied.  *See Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1361 (Fed. Cir. 2006).  In Texas, however, the long-arm statute extends to the limits of due process, thus the two inquiries are one and the same.  *See Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003).

The Supreme Court has set forth a two-pronged test to determine if the requirements of due process are satisfied: (1) the non-resident must have "minimum contacts" with the forum state, and (2) subjecting the non-resident to jurisdiction must be consistent with "traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Jurisdiction may be general when the defendant's connection to a forum is "so constant and pervasive as to render it essentially at home in the forum State."  *Daimler AG v. Bauman*, 571

---

[3] All numbered exhibits are attached to the Declaration of John M. Guaragna filed with this motion.

U.S. 117, 122 (2014) (internal quotation and editing marks omitted).  Alternatively, specific

jurisdiction may exist "based on activities that arise out of or relate to the cause of action."

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009).

"The Federal Circuit applies a three prong test to determine if specific jurisdiction exists:

(1) whether the defendant purposefully directed activities at residents of the forum; (2) whether

the claim arises out of or relates to those activities; and (3) whether assertion of personal

jurisdiction is reasonable and fair." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626

F.3d 1222, 1231 (Fed. Cir. 2010) (internal citation omitted).  The plaintiff has the burden to

show that the defendant has minimum contacts to the forum under the first two prongs, but the

defendant has the burden of proving the exercise of jurisdiction would be unreasonable under the

third.  *See Elecs. For Imaging Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003).

"[A] foreign parent corporation is not subject to the jurisdiction of a forum state merely

because its subsidiary is present or doing business there."  *Hargrave v. Fibreboard Corp.,* 710

F.2d 1154, 1159 (5th Cir. 1983).  Rather, courts in the Fifth Circuit permit the exercise of

personal jurisdiction over a foreign corporation that otherwise would not be subject to jurisdiction

only when that corporation is proven to be the alter ego of a corporation that is subject to personal

jurisdiction:

> [I]t is compatible with due process for a court to exercise personal
> jurisdiction over an individual or a corporation that would not
> ordinarily be subject to personal jurisdiction in that court when the
> individual or corporation is an alter ego or successor of a
> corporation that would be subject to personal jurisdiction in that
> court.  The theory underlying these cases is that, because the two
> corporations (or the corporation and its individual alter ego) are the
> same entity, the jurisdictional contacts of one are the jurisdictional
> contacts of the other for the purposes of the *International Shoe* due
> process analysis.

4

*Patin v. Thoroughbred Power Boats Inc.,* 294 F.3d 640, 653 (5th Cir. 2002).  The plaintiff must

establish a *prima facie* case of jurisdiction and must present "clear evidence" to establish an alter

ego relationship between a parent corporation and its subsidiary.  *See Hargrave,* 710 F.2d at 1159,

1161.

> The Fifth Circuit has delineated multiple factors that courts apply when conducting an

alter ego analysis.  Known as the *Hargrave* factors, they include:

> (1) the amount of the subsidiary's stock owned by the parent
> corporation; (2) the existence of separate headquarters for each
> entity; (3) the sharing of common officers and directors; (4) the
> observance of corporate formalities; (5) the maintenance of
> separate accounting systems; (6) the parent corporation's exercise
> of complete authority over the general policy of the subsidiary; and
> (7) the subsidiary's exercise of complete authority over its daily
> operations.

*Brooks & Baker, L.L.C. v. Flambeau, Inc.,* No. 2:10-cv-146-TJW-CE, 2011 WL 4591905, at *13

(E.D. Tex. Sep. 30, 2011) (citing *Hargrave*, 710 F.2d at 1160).  Other factors include whether: (8)

daily operations of the companies are kept separate; (9) parties with whom the companies come

into contact are apprised of the companies' separate identities; (10) the companies share offices,

employees, or financing; (11) one company pays wages to the other company's employees; (12)

the employees of one corporation render services on behalf of the other corporation; and (13) the

companies file separate tax returns.  *See Fundamental Innovation Sys. Int'l, LLC v. ZTE Corp.,*

No. 3:17-CV-01827-N, 2018 WL 3330022, at *3 (N.D. Tex. Mar. 16, 2018); *see also Berry v.*

*Lee*, 428 F. Supp. 2d 546, 554 (N.D. Tex. 2006).  And the Fifth Circuit has "noted often that

100% stock ownership and commonality of officers and directors are not alone sufficient to

establish an alter ego relationship between two corporations."  *Hargrave,* 710 F.2d at 1160.

5

**B.      The Pleading Standard**

Federal Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotation marks omitted).  To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, the plaintiff must "state a claim to relief that is plausible on its face." *Id.* at 570.  And "every element of each cause of action must be supported by specific factual allegations." *Carlton v. Freer Inv. Grp., Ltd.*, No. 15-cv-946, 2017 WL 11046201, at *8 (W.D. Tex. Aug. 8, 2017) (quoting *Reardean v. CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 WL 3268307, *2 (W.D. Tex. July 25, 2011)).

**IV.    ARGUMENT**

**A.      The Court Lacks Personal Jurisdiction Over LGL.**

As a foreign corporation with no minimum contacts with the State of Texas or elsewhere in the United States, LGL should be dismissed for lack of personal jurisdiction.[4]  *See Grober v. Mako Prod., Inc.*, 686 F.3d 1335, 1346-47 (Fed. Cir. 2012).  LGL is a holding company registered in Hong Kong.  *See* Chim Decl. ¶¶ 2-3.  Maxell does not and cannot allege LGL has "continuous and systematic contacts" required for general jurisdiction.  *See* ECF No. 38 at ¶ 38.  Rather, Maxell apparently is attempting to manufacture the required minimum contacts for LGL through an alter ego theory of specific jurisdiction.  *See* ECF No. 15.  Maxell cannot and does not present "clear evidence" that either Lenovo US or Motorola Mobility is the alter ego of LGL.  *See Hargrave*, 710 F.2d at 1160.

---

[4] LGL is not subject to jurisdiction in any U.S. state, thus, its relevant contacts are with the United States as a whole.  *See* Fed. R. Civ. P. 4(k)(2).

**1.      Maxell Does Not Plead Any Separate Or Unique Jurisdictional Facts Against LGL.**

Despite filing two complaints against the Defendants in this case (*see* ECF Nos. 1, 38), Maxell does not plead that Lenovo US or Motorola Mobility are the alter egos of LGL.  On the contrary, Maxell does not make any separate or unique jurisdictional allegations against LGL at all, but rather lumps the three defendants together as "Lenovo" or "Defendant" in its first amended complaint.  *See* ECF No. 38 at p. 1 ("Defendants Lenovo Group Ltd., Lenovo (United States) Inc., and Motorola Mobility LLC (all collectively, 'Lenovo' or 'Defendant')").  Maxell's personal jurisdiction allegations are limited to a single paragraph of its amended complaint, which is identical to the allegations in its original complaint:

> This Court has personal jurisdiction over Lenovo.  Lenovo conducts business and has committed acts of direct and indirect patent infringement in this District, the State of Texas, and elsewhere in the United States.  Moreover, Lenovo is registered to do business in the State of Texas, has offices and facilities in the State of Texas and this District, actively posts job listings for positions in Texas, and actively directs its activities to customers located in the State of Texas and this District.

*Id*. at ¶ 38.  Nowhere in that paragraph or elsewhere in its amended complaint does Maxell allege that Lenovo US or Motorola Mobility are the alter egos of LGL.  And the "Lenovo" identified in that paragraph cannot refer to LGL, because LGL does not conduct business in Texas or in the United States; LGL is not registered to do business in Texas; LGL does not have offices and facilities in Texas or in this District; LGL does not post job listings for positions in Texas; and LGL does not actively direct its activities to customers located in Texas or this District.  *See* Chim Decl. at ¶¶ 3-6.

In short, Maxell does not allege that <u>LGL</u> (separate and apart from Lenovo US or Motorola Mobility) has any contacts with Texas or with the United States or that it has committed any acts giving rise to Maxell's claims.  *See* ECF No. 38 at ¶ 38.  Rather, Maxell's jurisdictional

WEST/297510191

allegations—which lump LGL together with its domestic corporate subsidiaries—try to do precisely what binding Fifth Circuit law prohibits: "the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004); *see also Hargrave*, 710 F.2d at 1159 (parent corporation "is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there").   Thus, Maxell's jurisdictional allegations against LGL are deficient on their face, and LGL should be dismissed as a result.

### 2.      Maxell Cannot Establish That Lenovo US Or Motorola Mobility Are Alter Egos Of LGL.

Besides not pleading an alter ego theory in either its original or amended complaints, Maxell cannot and does not present "clear evidence" to establish an alter ego relationship between the parent LGL and either of its indirect subsidiaries, Lenovo US or Motorola Mobility.  *See Hargrave*, 710 F.2d at 1159, 1161; *see also Nat'l Steel Car Ltd. v. Greenbrier Companies, Inc.*, No. 6:19-CV-00721-ADA, 2020 WL 4289388, at *3 (W.D. Tex. July 27, 2020) (requiring plaintiff to show "clear evidence" to "rebut the presumption of institutional independence" between parent and subsidiary).  In its motion for alternative service, Maxell contended that Lenovo US is the alter ego of LGL because "Lenovo (US) is a wholly-owned subsidiary of Lenovo Group and shares the same 'Lenovo' company name."  ECF No. 15 at 7-8.  But the mere fact that LGL is the ultimate parent of Lenovo US is not a basis for the exercise of personal jurisdiction over LGL.  On the contrary, "the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated."  *Freudensprung*, 379 F.3d at 346. The actions of affiliates may serve as the basis for personal jurisdiction only if a plaintiff shows

8

"proof of control by [one corporation] over the internal business operations and affairs of another corporation to make the other its agent or alter ego, and hence fuse the two together for jurisdictional purposes." *Id*.; see also *Fundamental Innovation*, 2018 WL 3330022 at *3 (under Fifth Circuit law, a party alleging an alter ego relationship must show that the foreign corporation "exercises such control over the domestic subsidiary that the two entities are essentially one.").

To find an alter ego relationship, courts in Texas assess whether the control by the foreign parent over the domestic subsidiary is so great "that the two entities cease to be separate in a way that dictates setting aside the corporate fiction in order to prevent fraud and injustice." *BMC Software Belgium N.V. v. Marchand,* 83 S.W.3d 789, 799 (Sup. Ct. Tex. June 27, 2002). "Texas courts are loathe to merge the separate legal identities of parent and subsidiary unless the latter exists as a mere tool or 'front' for the parent, or the corporate fiction is utilized to achieve an inequitable result, or to conceal fraud or illegality." *Hargrave*, 710 F.2d at 1162 (quoting *Miles v. Am. Telephone & Telegraph Co.,* 703 F.2d 193, 195 (5th Cir. 1983)). In fact, "[c]ourts have long presumed the institutional independence of related corporations, such as parent and subsidiary" and this presumption may only be overcome "by clear evidence." *Dickson Marine Inc. v Panalpina, Inc.,* 179 F.3d 331, 338 (5th Cir. 1999).

Here, Maxell cannot show by "clear evidence" that either Lenovo US or Motorola Mobility are the alter egos of LGL. For starters, LGL, Lenovo US, and Motorola Mobility each maintain separate headquarters—LGL in Hong Kong, Lenovo US in North Carolina, and Motorola Mobility in Illinois. *See* Chim Decl. at ¶ 2; *see also* ECF No. 38 at ¶¶ 34-35 (Lenovo US principal place of business in Morrisville, North Carolina; Motorola Mobility in Libertyville, Illinois). Importantly, there are no common officers or directors between LGL on the one hand and Lenovo US and Motorola Mobility on the other. *See* Chim Decl. at ¶ 8 & Exs. A-C thereto.

9

Furthermore, LGL does not pay or reimburse for any expenses incurred by Lenovo US or Motorola Mobility. *Id*. at ¶ 7. The three entities file separate tax returns. *Id.* at ¶ 9. LGL is not involved in the business activities and decisions of Lenovo US or Motorola Mobility, and neither of them needs the approval of LGL with respect to those business activities. *Id.* ¶ 6. LGL has not entered into any distribution, sales, or marketing agreements with Lenovo US or Motorola Mobility related to the products that Lenovo US and Motorola Mobility sell in the United States. *Id*. ¶ 6. Thus, neither Lenovo US nor Motorola Mobility is an alter ego of LGL. That ends the jurisdictional inquiry.

### 3.    The Court's Decision In *ACQIS* Is Distinguishable.

In the *ACQIS* case involving LGL, the Court recently found that LGL had minimum contacts with the United States due to: (1) purportedly "acting in consort" with the other foreign defendants in that case to deliver products into the United States market under a stream of commerce theory, and (2) purported "imputable contacts" by the other foreign Lenovo defendants, because they purportedly serve as LGL's distribution agents. *See ACQIS LLC v. Lenovo Group Ltd., et al.*, W-20-CV00967-ADA (Nov. 16, 2021, W.D. Tex.), ECF. No. 102 (the "*ACQIS* Order"). Although LGL disagrees with the Court's decision in the *ACQIS* Order, the facts of that case are distinguishable from the present case for several key reasons.

First, the accused products in the *ACQIS* case are Lenovo-branded computers and servers offered in the United States by Lenovo US. *See ACQIS* Order at 2. But here, the products accused by Maxell are limited to smartphones offered and sold by Motorola Mobility alone, not Lenovo-branded products. *See* ECF No. 38 at ¶¶ 55, 76, 94, 115, 132, 154, 175, 192 (identifying Moto E Family, Moto Edge Family, Moto G Family, Moto One Family, Moto Razr Family, and Moto Z Family as accused products for each asserted patent). Thus, while the plaintiff in *ACQIS* argued that LGL was subject to personal jurisdiction because "LGL created Lenovo (US) to

10

distribute products in the United States" (*ACQIS* Order at 20), Maxell does not and cannot make any such allegation here, because Motorola Mobility distributes the accused products.

Second, the defendants in *ACQIS* are all foreign Lenovo entities, whereas here, the other two Defendants are Lenovo US and Motorola Mobility, both of whom are U.S. corporations and therefore subject to personal jurisdiction in the United States.  As Maxell concedes in its complaint, both Lenovo US and Motorola Mobility are incorporated in Delaware, and Lenovo US's headquarters are in Morrisville, North Carolina.  *See* ECF No. 38 at ¶¶ 34-35.  Maxell alleges Motorola Mobility's principal place of business is "located at 600 N. U.S. Highway 45, Libertyville, IL" (*id.* at ¶ 35), but in fact Motorola Mobility moved its headquarters several years ago to Chicago, Illinois.  *See* Ex. 3.  As the Court correctly concluded in the *Gesture Technologies* case, venue in this District is improper as to both Lenovo US and Motorola Mobility (*see* ECF No. 42), but the fact remains that Lenovo US and Motorola are subject to personal jurisdiction in the United States, unlike LGL.

Third, unlike the plaintiff in *ACQIS*, Maxell does not allege the existence of minimum contacts by LGL and purposeful availment by LGL towards the United States.  The plaintiff in *ACQIS* made allegations that were specific to LGL, including allegations that LGL "acted in consort" with the other foreign defendants in that case—none of which are defendants in this case—under a stream of commerce theory.  *See ACQIS* Order at 18.  Maxell makes none of these allegations here, nor can it because the only products Maxell accuses of infringement are smartphones offered by Motorola Mobility in the United States.  Maxell's amended complaint does not mention any Distribution Agreement or distribution activities as alleged in *ACQIS*.  Indeed, as demonstrated above, Maxell lumps all three Defendants together as "Lenovo," then alleges facts (some of which are facially untrue) that could only pertain to Defendant Lenovo US.

Maxell alleges that "Lenovo" is registered to do business in Texas, "has offices and facilities" in Texas, "actively posts job listings" for positions in Texas and "actively directs its activities to customers" in Texas.  *See* ECF No. 38 at ¶ 38.  These activities, however, purportedly relate only to <u>Lenovo US</u>, not LGL.  Nowhere in Maxell's amended complaint are any allegations that would plausibly support personal jurisdiction over LGL, including no allegations purportedly tying LGL to the accused Motorola Mobility products.

Maxell's jurisdictional allegations here are even weaker than in other cases where courts found the plaintiffs had not met their burden to establish jurisdiction.  In *Freudensprung*, the plaintiff provided SEC filings that showed a relationship between the corporations to attempt to show that the parent company was an alter ego of the subsidiary.  The court found that evidence was insufficient to overcome the presumption of corporate separateness.  *See Freudensprung*, 379 F.3d at 344-47.  In *Thomas v. Trico Products Corp.*, No. B-05-174, 2006 WL 801506, at *4-5 (S.D. Tex. Mar. 28, 2006), the plaintiff alleged that the parent company provided 401(k) benefits to the subsidiary's employees and provided printouts from the companies' websites.  The court found that evidence insufficient to support an alter ego relationship between the companies. Because Maxell's amended complaint contains no such allegations, Maxell has failed to raise even a *prima facie* showing of personal jurisdiction over LGL as an alter ego of either Lenovo US or Motorola Mobility.  *See Thomas v. Trico,* 2006 WL 801506, at *5.

> **B.**   **The Court Should Dismiss Maxell's Claims Of Direct Infringement Because Maxell Does Not Plausibly Allege Any Infringing Conduct By LGL.**

Not only has it failed to support its allegations of personal jurisdiction, Maxell has also failed to make any plausible allegations of direct infringement by LGL—a foreign corporation that does no business in the United States.  Indeed, Maxell cannot because direct infringement requires conduct within the United States.  *See* 35 U.S.C. § 271(a) ("whoever without authority

12

makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States …"); 35 U.S.C. § 271(g).  LGL, however, is a Hong Kong holding company that does not make, use, sell, or offer to sell products in the United States or import products into the United States.  *See* Chim Decl. ¶¶ 1, 5.  Thus, LGL cannot be liable for direct infringement, because it has not engaged in any allegedly infringing conduct in the United States.  *See* 35 U.S.C. §§ 271(a), (g); *see also Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437, 454-55 (2007) ("The presumption that United States law governs domestically but does not rule the world applies with particular force in patent law.").

Maxell does not make plausible allegations of any conduct within the United States by LGL, instead falling back on allegations directed to "Lenovo" generically, without distinguishing between LGL on the one hand versus Lenovo US and Motorola Mobility (both of which actually operate in the United States) on the other.  *See* ECF No. 38 at p. 1 (defining the three defendants collectively as "Lenovo").  Moreover, Maxell effectively concedes that it is Motorola Mobility that actually manufactures and sells the accused smartphones in the United States (not Lenovo US or LGL).  *See id.* ¶¶ 18, 21, 23, 29 (referring to "Motorola-branded smartphones").  Maxell's conclusory assertions of collective liability cannot and do not plausibly state a claim against LGL.  *See, e.g.*, *Barnett v. Am. Gen. Life Ins. Co.*, No. A-09-CA-935-SS, 2010 WL 11566353, at *3 (W.D. Tex. Oct. 7, 2010) (finding the "pleading standards are not even remotely satisfied" by "'naked assertions' of the collective liability of all Defendants" and dismissing plaintiff's claims against the relevant defendants).  Thus, Maxell's amended complaint does not allege that LGL engaged in any allegedly infringing conduct in the United States and thus does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555); *see also* 35

U.S.C. § 271.

V.    **CONCLUSION**

      For the foregoing reasons, the Court should dismiss Defendant LGL for lack of personal

jurisdiction and for failure to state a claim for patent infringement.  The Court should separately

dismiss Defendants Lenovo US and Motorola Mobility, because venue is improper in this District

as against them.  *See* ECF No. 42.  Simply put, Maxell sued the wrong parties in the wrong venue.

Dismissing the Defendants will permit this action to proceed in the proper venue, the Northern

District of Illinois, against the only supplier of the accused smartphones, Motorola Mobility.

Dated:  March 9, 2022             Respectfully submitted,

                                */s/ John M. Guaragna*
                                John M. Guaragna
                                Texas Bar No 24043308
                                DLA PIPER LLP (US)
                                303 Colorado St., Suite 3000
                                Austin, TX  78701
                                Tel: 512.457.7125
                                Fax: 512.457.7001
                                john.guaragna@us.dlapiper.com

                                ATTORNEYS FOR DEFENDANTS

WEST/297510191

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 9th day of March 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.  Any other counsel of record will be served by first class U.S. mail.

*/s/ John M. Guaragna*
John M. Guaragna

15