# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| MAXELL, LTD.,<br><br>            **Plaintiff,**<br><br>    v.<br><br>LENOVO GROUP LTD., LENOVO (UNITED STATES) INC., AND MOTOROLA MOBILITY LLC,<br><br>            **Defendants.** | Case No. 6:21-cv-01169-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' OPPOSED MOTION TO STAY ALL PROCEEDINGS PENDING DECISION ON LENOVO (UNITED STATES) INC.'S AND MOTOROLA MOBILITY'S 12(b)(3) MOTION TO DISMISS**

1

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................... 1

II. BACKGROUND ....................................................................................................... 2

III. THE CASE SHOULD BE STAYED UNTIL RESOLUTION OF THE PENDING RULE 12(B)(3) MOTION TO DISMISS FOR IMPROPER VENUE .............................. 3

    A. The Court Has Inherent Authority To Stay This Case To Ensure That Venue Issues Are Given Top Priority. ................................................................. 3

    B. All Relevant Factors Favor A Stay Pending The Court's Decision On Defendants' Venue Motion. ....................................................................... 5

        1. Factor One: A Stay Will Not Prejudice Maxell. ........................................ 5

        2. Factor Two: Defendants Will Suffer Hardship Absent A Stay .................. 6

        3. Factor Three: A Stay Will Conserve Judicial Resources. ......................... 7

IV. CONCLUSION .......................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aire Tech. Ltd., v. Apple Inc.*,
   Case No. 6:21-cv-01101-ADA, ECF No. 71 (W.D. Tex. Nov. 8, 2022)...................................4

*In re Apple Inc.*,
   979 F.3d 1332 (2020)...............................................................................................................3, 6

*In re Apple Inc.*,
   No. 2022-162, --- F.4th ---, 2022 WL 16753325 (Fed. Cir. Nov. 8, 2022) ..................... *passim*

*In re Apple Inc.*,
   No. 2022-163, 2022 WL 16754376 (Fed. Cir. Nov. 8, 2022) ...................................................4

*In re Apple Inc.*,
   No. 2022-164, 2022 WL 16754153 (Fed. Cir. Nov. 8, 2022) ...................................................4

*Archer v. Darling*,
   Civil Action No. 09-cv-01988-PAB-KMT, 2010 WL 3715149 (D. Col. Sept.
   14, 2010) ...................................................................................................................................5

*B & D Produce Sales, LLC v. Packman1, Inc.*,
   No. SA-16-CV-99-XR, 2016 WL 4435275 (W.D. Tex. Aug. 19, 2016) ..................................5

*In re EMC Corp.*,
   501 F. App'x 973 (Fed. Cir. 2013) ...................................................................................3, 6, 7

*In re Google Inc.*,
   No. 2015-138, 2015 WL 5294800 (Fed. Cir. July 16, 2015)................................................3, 7

*Herman v. PBIA & Co.*,
   Civil Case No. 1:19-cv-00584-PAB-GPG, 2021 WL 5280487 (D. Col. June
   10, 2021) ...................................................................................................................................5

*In re Horseshoe Entm't*,
   337 F.3d 429 (5th Cir. 2003) ................................................................................................3, 6

*Landis v. N. Am. Co.*,
   299 U.S. 248, 57 S. Ct. 163 (1936)...........................................................................................3

*In re Morgan Stanley*,
   417 F. App'x 947 (Fed. Cir. 2011) ...........................................................................................6

*Motorola Mobility LLC v. Maxell, Ltd.*,
   Case No. 1:22-cv-00256, ECF No. 1 (N.D. Ill.) .......................................................................6

WEST/300687323

*Nankivil v. Lockheed Martin Corp.*,
    216 F.R.D. 689 (M.D. Fla. Feb. 4, 2003) .................................................................................5

*SanDisk Corp. v. Phison Elecs. Corp.*,
    538 F. Supp. 2d 1060 (W.D. Wisc. 2008) ................................................................................6

*Scramoge Tech. Ltd. v. Apple Inc.*,
    Case No. 6:21-cv-01071-ADA, ECF No. 68 (W.D. Tex. Nov. 8, 2022) ..................................4

*In re SK*,
    835 F. App'x 600, 600-01 (Fed. Cir. 2021) .............................................................................3

*In re TracFone Wireless, Inc.*,
    848 F. App'x 899 (Fed. Cir. 2021) ...........................................................................................3

*XR Commc'ns LLC v. Apple Inc.*,
    Case No. 6:21-cv-00620-ADA, ECF No. 83 (W.D. Tex. Nov. 8, 2022) ..................................4

*Yeti Coolers, LLC v. Home Depot U.S.A., Inc.*,
    1:17-cv-342, 2018 WL 2122868 (W.D. Tex. Jan. 8, 2018) ......................................................5

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(2) and (6) ............................................................................1

Federal Rule of Civil Procedure 12(b)(3) ...............................................................................1, 2, 3

N.D. Ill. Local Patent Rules *available at*
    https://www.ilnd.uscourts.gov/_assets/_documents/_rules/localpatentrules-
    preamble.pdf ............................................................................................................................7

Defendants Lenovo Group Ltd., Lenovo (United States) Inc. ("Lenovo US") and Motorola Mobility LLC ("Motorola Mobility") (collectively "Defendants") respectfully move to stay all proceedings, including discovery, pending the Court's decision on the pending motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) filed by Lenovo US and Motorola Mobility (ECF No. 42) ("Motion to Dismiss").[1]

## I.    INTRODUCTION

The Federal Circuit has repeatedly confirmed that the resolution of venue issues should be prioritized over substantive proceedings. Accordingly, this Court has stayed fact discovery and other proceedings pending the resolution of motions to transfer venue to a more convenient forum. A stay of fact discovery is warranted here, where the pending Motion to Dismiss concerns whether this District is the proper venue as a matter of law.

The Federal Circuit and Fifth Circuit instruct district courts to prioritize resolving venue disputes before addressing substantive issues. The Federal Circuit recently reinforced the need to resolve venue disputes before a case proceeds substantively by granting three mandamus petitions involving transfer motions, in which the Federal Circuit "directed [this Court] to postpone fact discovery and other substantive proceedings until after consideration on Apple's motion for transfer." *See e.g.*, *In re Apple Inc.*, No. 2022-162, --- F.4th ---, 2022 WL 16753325, at *3 (Fed. Cir. Nov. 8, 2022). This Court subsequently stayed those cases pending the resolution of the venue transfer disputes.

The Federal Circuit's reasoning in the aforementioned decisions applies here, where the Motion to Dismiss concerns the propriety of venue as opposed to a convenience transfer. Legal

---

[1] Defendant Lenovo Group Ltd. has separately moved to dismiss Maxell's first amended complaint for lack of personal jurisdiction and failure to state a claim under Federal Rule of Civil Procedure 12(b)(2) and (6), which is also pending. *See* ECF No. 50.

precedent makes clear that the issue of proper venue must be resolved before the case proceeds further. Lenovo US and Motorola Mobility filed their Motion to Dismiss more than nine months ago, on February 10, 2022 (ECF No. 42), and the Motion to Dismiss has been fully briefed since August 9, 2022 (ECF Nos. 85, 89). Defendants therefore ask the Court to stay this case in its entirety pending resolution of the Motion to Dismiss.

## II.   BACKGROUND

On November 12, 2021, Maxell filed its original complaint against Defendants, alleging infringement of eight patents and accusing various families of smartphones offered in the United States by Motorola Mobility. *See* ECF No. 1. Defendants Lenovo US and Motorola Mobility moved to dismiss the complaint for improper venue under Rule 12(b)(3). *See* ECF No. 19. On February 4, 2022, Maxell filed an amended complaint, replacing U.S. Patent No. 7,199,821 with U.S. Patent No. 7,551,209, but making the identical jurisdictional and venue allegations as in its original complaint. *See* ECF No. 38 at ¶¶ 38-43. Defendants Lenovo US and Motorola Mobility filed a second Rule 12(b)(3) motion to dismiss the amended complaint for improper venue. *See* ECF No. 42. The Court referred the motion to Magistrate Judge Gilliland (ECF No. 105), who heard oral argument on September 2, 2022.

Claim construction briefing concluded on July 14, 2022. ECF No. 80. No *Markman* hearing has occurred. On September 7, 2022, the Court's clerk informed the parties via email that "[d]ue to the need to draft Opinions for the three motions heard over the past two weeks (and allow for objections), we will need to temporarily take the Markman hearing off calendar until those Opinions are issued." Ex. A. On September 8, 2022, the Court cancelled the *Markman* hearing until "further order of the court." ECF No. 114. Despite this, fact discovery remains open and expert reports are due in three months on February 27, 2023.

## III. THE CASE SHOULD BE STAYED UNTIL RESOLUTION OF THE PENDING RULE 12(B)(3) MOTION TO DISMISS FOR IMPROPER VENUE.

### A. The Court Has Inherent Authority To Stay This Case To Ensure That Venue Issues Are Given Top Priority.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, 57 S. Ct. 163 (1936). The Federal Circuit and the Fifth Circuit have instructed district courts to prioritize transfer motions and to address those venue-related issues before addressing other substantive issues. While these recent cases have involved motions to transfer, the same directive embodied in those decisions applies here—venue disputes must be given priority. Given this mandate, there is no meaningful distinction between a motion to transfer a case from a less convenient venue versus a motion to dismiss a case filed in an improper venue. If anything, the need to prioritize venue disputes is even more apparent in the latter scenario.

In *In re Apple*, the Federal Circuit made clear that venue transfer should be handled before other substantive tasks, including *Markman*: "Although district courts have discretion as to how to handle their dockets, once a party files a transfer motion, disposing of that motion should unquestionably take top priority." *In re Apple Inc.*, 979 F.3d 1332, 1337 (2020); *see also In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) ("[I]n our view disposition of that [transfer] motion should have taken a top priority in handling of this case by the … District Court."); *In re TracFone Wireless, Inc.*, 848 F. App'x 899, 900-01 (Fed. Cir. 2021) (citing *Horseshoe Ent.*, 337 F.3d at 433); *In re SK hynix Inc.*, 835 F. App'x 600, 600-01 (Fed. Cir. 2021); *In re Google Inc.*, No. 2015-138, 2015 WL 5294800, at *1-2 (Fed. Cir. July 16, 2015); *see also In re EMC Corp.*, 501 F. App'x 973, 975-76 (Fed. Cir. 2013).

3

The same concerns are present here. If the Court determines that venue is improper in this case, then the ongoing expenditure of "time, energy and money" will be for naught. Fact and expert discovery thus should not proceed further until the venue dispute is resolved.

The Federal Circuit recently reinforced this directive in granting three mandamus petitions filed by Apple involving transfer motions before this Court. *See In re Apple Inc.*, --- F.4th ---, 2022 WL 16753325 (Fed. Cir. Nov. 8, 2022); *In re Apple Inc.*, No. 2022-163, 2022 WL 16754376 (Fed. Cir. Nov. 8, 2022); *In re Apple Inc.*, No. 2022-164, 2022 WL 16754153 (Fed. Cir. Nov. 8, 2022). In each of these cases, a fully briefed motion to transfer was pending, yet the Court ordered Apple to proceed to fact discovery without resolution of its motion. *See id.* The Federal Circuit held that "precedent entitles parties to have their venue motions prioritized," that a "decision of a transfer motion must proceed expeditiously as the first order of business and that venue discovery must proceed immediately to enable such a prompt decision of the transfer motion." *In re Apple Inc.*, --- F.4th ---, 2022 WL 16753325, at *2. The Federal Circuit instructed the Court to "postpone fact discovery and other substantive proceedings until after consideration of Apple's motion for transfer." *Id.* at *3. Following these decisions, the Court immediately issued orders in each of three underlying cases staying all deadlines, including fact discovery, pending resolution of the motions to transfer. *See Aire Tech. Ltd., v. Apple Inc.*, Case No. 6:21-cv-01101-ADA, ECF No. 71 (W.D. Tex. Nov. 8, 2022); *Scramoge Tech. Ltd. v. Apple Inc.,* Case No. 6:21-cv-01071-ADA, ECF No. 68 (W.D. Tex. Nov. 8, 2022); *XR Commc'ns LLC v. Apple Inc.,* Case No. 6:21-cv-00620-ADA, ECF No. 83 (W.D. Tex. Nov. 8, 2022).

The Federal Circuit's directive applies with greater force in this case, where Lenovo US and Motorola Mobility have challenged the propriety of venue in this Court as a matter of law, not convenience. Indeed, other district courts have recognized the need to resolve dismissal

4

motions before full fact discovery moves forward. *See Herman v. PBIA & Co.*, Civil Case No. 1:19-cv-00584-PAB-GPG, 2021 WL 5280487, at *2 (D. Col. June 10, 2021) (granting parties' joint motion to stay discovery pending resolution of a pending motion to dismiss); *Archer v. Darling*, Civil Action No. 09-cv-01988-PAB-KMT, 2010 WL 3715149, at *2 (D. Col. Sept. 14, 2010) (staying all discovery and vacating deadlines in scheduling order as to one defendant who was waiting on its motion to dismiss to be decided by the court); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, (M.D. Fla. Feb. 4, 2003) (granting a protective order and allowing for only limited discovery into arguments raised in dismissal and summary judgement motions, but staying all other discovery).

### B. All Relevant Factors Favor A Stay Pending The Court's Decision On Defendants' Venue Motion.

In this District, courts typically consider three factors in determining whether a stay is warranted: (1) any potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources saved by avoiding duplicative litigation. *Yeti Coolers, LLC v. Home Depot U.S.A., Inc.,* 1:17-cv-342, 2018 WL 2122868, at *1 (W.D. Tex. Jan. 8, 2018); *B & D Produce Sales, LLC v. Packman1, Inc.*, No. SA-16-CV-99-XR, 2016 WL 4435275, at *1 (W.D. Tex. Aug. 19, 2016). Here, all three factors warrant a stay.

#### 1. Factor One: A Stay Will Not Prejudice Maxell.

Maxell will not suffer any prejudice as a result of a stay pending a decision on transfer. Motorola Mobility has already done the legwork in terms of identifying the proper venue, the Northern District of Illinois, where Motorola Mobility is headquartered. Motorola Mobility even filed a declaratory judgement suit in that District to allow the parties' dispute to proceed in the

proper venue. *Motorola Mobility LLC v. Maxell, Ltd.*, Case No. 1:22-cv-00256, ECF No. 1 (N.D. Ill.). Maxell is free to litigate its patent claims in that ongoing litigation.

To the extent Maxell claims that even a short stay will cause prejudice by delaying recovery of the damages it is seeking, such an argument lacks merit for three reasons. First, a delay in recovering money damages cannot, of itself, constitute sufficient prejudice to deny a stay because a plaintiff will always face that possibility when a stay is ordered. *SanDisk Corp. v. Phison Elecs. Corp.*, 538 F. Supp. 2d 1060, 1067 (W.D. Wisc. 2008) ("plaintiff's only real 'injury' is that it will have to wait for any money damages, which is always the case when a stay is imposed."). Second, Maxell "does not make or sell any product that practices the claimed invention [and i]t therefore is not in need of a quick resolution of this case because its position in the market is threatened." *In re Morgan Stanley*, 417 F. App'x 947, 950 (Fed. Cir. 2011). Third, the stay would be of a very limited duration so that the Court can decide the venue issue before addressing other substantive issues and before further fact and expert discovery occurs. *See In re Apple Inc.*, --- F.4th ---, 2022 WL 16753325, at *2-3. Here, the Court held oral argument on the Motion to Dismiss on September 2, 2022, so all that remains is the Court's decision on the motion. Therefore, this factor strongly favors a stay.

### 2. Factor Two: Defendants Will Suffer Hardship Absent A Stay.

The Federal Circuit and Fifth Circuit agree that resolution of venue disputes should be the Court's top priority in handling a case. *In re Apple Inc.*, --- F.4th ---, 2022 WL 16753325, at *2-3 ("decision of a transfer motion must proceed expeditiously as the first order of business"); *In re Apple Inc.,* 979 F.3d at 1337; *EMC Corp.,* 501 F. App'x at 975-76; *Horseshoe Entm't*, 337 F.3d at 433. Moving forward now with additional fact and expert discovery risks the same "waste of time, energy and money" the Federal Circuit cautioned against in the motion to transfer cases in *EMC* and *In re Apple*. *In re Apple Inc.,* 979 F.3d at 1337; *EMC Corp.,* 501 F. App'x at 975-76.

6

Here, Defendants are suffering continued prejudice because they have been subject to extensive, ongoing fact discovery and opening expert reports are due on February 27, 2023, less than three months from now. Further, if the Court grants the motion to dismiss and the case proceeds in the Northern District of Illinois, that court has its own procedures for patent cases that differ significantly from those employed by this Court. *See* N.D. Ill. Local Patent Rules *available at* https://www.ilnd.uscourts.gov/_assets/_documents/_rules/localpatentrules-preamble.pdf. The Northern District of Illinois also will be able to conduct its own claim construction analysis. All of these activities have been identified by the appellate courts as things that should not proceed pending a decision on the proper venue. *In re Apple Inc.*, --- F.4th ---, 2022 WL 16753325, at *3 ("direct[ing] [the Court] to postpone fact discovery and other substantive proceedings until after consideration on Apple's motion for transfer."); *In re EMC Corp.*, 501 F. App'x at 975-76; *In re Google Inc.,* 2015 WL 5294800, at *1-2.

### 3.      Factor Three: A Stay Will Conserve Judicial Resources.

A stay pending resolution of the Motion to Dismiss will also conserve judicial resources because it minimizes the risk of duplicative proceedings in two different courts. "Judicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a [venue decision] should be effected and such consideration additionally requires that the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit instead of considering it in two courts." *In re Apple Inc.*, --- F.4th ---, 2022 WL 16753325, at *2 (quoting *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3d Cir. 1970)). A stay will also avoid a situation where the parties proceed under this Court's Order Governing Proceedings only to have different rules and procedures apply in a different court (namely, the Northern District of Illinois).

7

## IV.     CONCLUSION

For the foregoing reasons, Defendants ask that the Court stay this case until it renders a decision on the motion to dismiss for improper venue.

| | |
|---|---|
| Dated:  November 21, 2022 | Respectfully submitted,<br><br>*/s/ John M. Guaragna*<br>John M. Guaragna<br>Texas Bar No 24043308<br>**DLA PIPER LLP (US)**<br>303 Colorado St., Suite 3000<br>Austin, TX  78701<br>Tel: 512.457.7125<br>Fax: 512.457.7001<br>john.guaragna@us.dlapiper.com<br><br>***ATTORNEY FOR DEFENDANTS*** |

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), counsel for Defendants have conferred with counsel for Maxell in a good-faith effort to resolve the matter presented herein. Counsel for Maxell opposes the instant motion.

*/s/ John M. Guaragna*
John M. Guaragna

8

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 21st day of November 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission and/or first-class mail.

*/s/ John M. Guaragna*
John M. Guaragna