# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| MAXELL, LTD., <br><br> *Plaintiff*, <br><br> v. <br><br> LENOVO GROUP LTD., LENOVO (UNITED STATES) INC., AND MOTOROLA MOBILITY LLC, <br> *Defendants*. | Case No. 6:21-cv-01169-ADA <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF MAXELL, LTD.'S
MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO
STAY ALL PROCEEDINGS PENDING DECISION ON LENOVO
(UNITED STATES) INC.'S AND MOTOROLA MOBILITY'S 12(B)(3)
MOTION TO DISMISS**

## TABLE OF CONTENTS

I. Introduction ................................................................................................................. 1

II. Background ................................................................................................................ 2

III. Argument .................................................................................................................... 4

    A.     **A Stay Is Not Warranted Pending The Court's Decision On Defendants' Venue Motion** ...................................................................................................... 5

        1.     A Stay Will Prejudice Maxell ................................................................... 5

        2.     Defendants Will Suffer No Hardship Absent A Stay ............................. 6

        3.     A Stay Will Not Conserve Judicial Resources ........................................ 7

IV. Conclusion .................................................................................................................. 8

## I. INTRODUCTION

Defendants Lenovo (United States) Inc. ("Lenovo US") and Motorola Mobility LLC ("Motorola Mobility") (collectively "Defendants") move to stay all proceedings pending the Court's decision on the pending motion to dismiss for improper venue (D.I. 128). To support their motion, Defendants rely heavily on the Federal Circuit's recent decision *In re Apple*, No. 2022-162, --- F.4th ---, 2022 WL 16753325, at *3 (Fed. Cir. Nov. 8, 2022) where the Federal Circuit "directed [this Court] to postpone fact discovery until after consideration of Apple's motion to transfer." *Id.* at *3. But this case is nothing like *Apple*, and the facts of this case do not mandate a stay of discovery in view of *Apple*.

Any delay in resolution of Defendants' venue motion is entirely of Defendants' making. For example, due to Defendants' discovery gamesmanship, Maxell sought and received three venue-related discovery hearings in which each time the Court ordered Defendants to produce additional discovery. Had Defendants been forthcoming in their discovery obligations immediately after filing their motion in February 2022, the parties would not have needed to engage in *six* months of venue-related discovery.

At any rate, all Defendants' motion seeks to do now is delay substantive fact discovery— producing documents and information, and responding to interrogatories, related to the substantive questions of infringement, validity and damages. These are issues that must be addressed regardless of venue, and Defendants are unable to show any prejudice in having this discovery proceed in a timely manner. Indeed, unless delay is the ultimate goal, it is difficult to see any prejudice to Defendants whatsoever. As further set forth below, the Court's diligence in managing its docket, the timeline regarding venue discovery, and Defendants' intractable conduct along the way, makes this case distinguishable from *Apple* and weighs against rewarding

- 1 -

Defendants for their dilatory behavior by staying this case until the Court rules on their venue Motion to Dismiss.

## II.     BACKGROUND

Maxell filed this action against Defendants on November 12, 2021. (D.I. 1) On February 4, 2022, Maxell filed an amended complaint. (D.I. 39). On February 10, 2022 Defendants moved to dismiss the amended complaint for improper venue under Fed. R. Civ. P. 12(b)(3). (D.I. 42). On February 4, 2022, Maxell issued various venue-related discovery requests, to which Defendants initially responded by stating they would "not agree to participate in … discovery," insisting Maxell is bound by an order in the unrelated case *Gesture Tech. Partners, LLC v. Lenovo Group Ltd., et al.* (Case No. 6:21-cv-00122-ADA). Defendants then agreed to provide the discovery, but only from the unrelated *Gesture* case. (D.I. 84, Ex. 1). Because that discovery was incomplete and did not respond to Maxell's discovery requests, Maxell raised the issue of Defendants' refusal to further participate in venue discovery with the Court on March 7, 2022. *Id.* The Court agreed with Maxell, rejected Defendants' position that the *Gesture* order would control here or that the *Gesture* discovery sufficiently discharged their discovery obligations, and granted Maxell's request for venue discovery. (D.I. 52.)

Despite a Court Order, Defendants again were not forthcoming with discovery. Thus, on April 19, 2022, over *two months* after serving its original discovery requests, Maxell was forced to raise yet another discovery dispute with the Court seeking various additional information basic to opposing Defendants' venue motion. (D.I. 84, Ex. 2.) On May 2, 2022, the Court again agreed with Maxell that Defendants had not met their discovery obligations and ordered further production of documents and information through deposition. (D.I. 59.)

Notwithstanding being twice found to have failed in their discovery obligations and ordered to produce additional discovery, Defendants continued their gamesmanship, further

delaying proceedings. Defendants' first corporate representative, Mr. Acharya, was disturbingly unprepared to answer questions on topics the Court ordered be addressed at the 30(b)(6) deposition. When Maxell raised objections to the lack of preparedness, Defendants then produced short job descriptions for Lenovo US's W.D. Tex. employees. (D.I. 84, Ex. 3.) But this submission, and Defendants' extremely narrow approach to discovery, forced Maxell to yet again raise a (third) discovery dispute with the Court—*over three months* after serving its initial venue discovery. On June 14, 2022, the Court again agreed with Maxell that Defendants had not met their discovery obligations and ordered further production of documents and a further deposition of Lenovo US. (D.I. 71.)

After being ordered on June 14th to produce additional documents, Defendants did not complete their production until *six weeks later* on July 15. The deposition of Lenovo US's witness, Christine Bourne, occurred four days later. But, similarly to Mr. Acharya, Ms. Bourne was not prepared to answer basic questions relevant to the venue inquiry and counsel lodged roughly 70 "scope" objections during the deposition. (D.I. 84, Ex. 8.)

On August 2, 2022, Maxell filed its Opposition to Defendants' Venue Motion (D.I. 85) as well as a Motion for Sanctions pursuant to Fed. R. Civ. P. 37 (D.I. 84.) On August 16, Defendants filed their Reply in support of their Venue Motion (D.I. 89) as well as an Opposition to the Motion for Sanctions (D.I. 94.) On August 22, Maxell filed a Reply in support of its Sanctions Motion (D.I. 99) and on August 25 the Court held a hearing on the Sanctions motion (D.I. 102.) One week later, on September 2, the Court held a hearing on the Venue Motion to Dismiss and Defendants' jurisdictional motion to dismiss. (D.I. 111.)  On September 7, 2022, the Court's clerk informed the parties via email that "[d]ue to the need to draft Opinions for the three motions heard over the past two weeks (and allow for objections), we will need to temporarily

take the Markman hearing off calendar until those Opinions are issued." (D.I. 128, Ex. A.) On September 8, the Court canceled the scheduled claim construction hearing (D.I. 114.)

### III.    ARGUMENT

There is no reason to stay this case. After (1) three discovery orders focused solely on venue as a result of Defendants' obstinacy, (2) a sanctions motion hearing, (3) a venue motion hearing, (4) a mere three months since taking the motions under advisement, and (5) cancellation of the claim construction hearing, it can be simply stated that the Court has given disposition of the venue motion "top priority" and has not "arbitrarily refused" to act on a longstanding pending transfer motion. *See In re Apple*, 2022 WL 16753325, at *1.[1] Had Defendants been forthcoming in venue discovery, instead of attempting to thwart it all along the way, the venue motion could have been resolved many months ago. Indeed, the Court has not postponed consideration of the venue motion until after discovery on the merits is complete. Just the opposite. While discovery proceeds, the Court specifically stated that it would not hold a claim construction hearing *until* the motions to dismiss are resolved. Thus, the Court has expressly complied with the Federal Circuit's directive that a "decision of a transfer motion must proceed expeditiously as the first order of business and that venue discovery must proceed immediately to enable such a prompt decision of the transfer motion." 2022 WL 16753325, at *2. The timeline above illustrates this point, and any delay is entirely of Defendants' own making.

---

[1] All of Defendants' cases cited for the "top priority" principle (D.I. 128 at 3) are factually distinct and the District Court's time to decision after briefing was much longer than the three months in the present situation. *See, e.g., In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) (13 months); *In re TracFone Wireless, Inc.*, 848 F. App'x 899, 900-01 (Fed. Cir. 2021) (8 months); *In re SK Hynix Inc.*, 835 F. App'x 600, 601 (Fed. Cir. 2021) (8 months); *In re Google Inc.*, No. 2015-138, 2015 WL 5294800, at *1-2 (Fed. Cir. July 16, 2015) (8 months).

4

### A. A Stay Is Not Warranted Pending The Court's Decision On Defendants' Venue Motion

None of this District's stay factors favor staying this case, particularly where the Court has had the motion under advisement for only three months, the Court's prioritization of the motion, and Defendants' dilatory tactics.

#### 1. A Stay Will Prejudice Maxell

A stay will prejudice Maxell. Maxell has already been prejudiced by Defendants' discovery intransigence (*see* D.I. 84), which ultimately caused the Court to postpone the claim construction hearing, further prejudicing Maxell. Staying the case now, three months after the Court has taken Defendants' motions under advisement, would disrupt the Court's scheduling order and the parties' discovery, further delaying resolution of Maxell's claims. Meanwhile, if the case is stayed, Defendants' behavior will be rewarded because their filed IPRs, attacking Maxell's patents, will nevertheless proceed before the Patent Trial and Appeal Board.

Defendants argue that their filing of a Declaratory Judgment action in Illinois somehow allows the parties to proceed with discovery "in the proper venue" and that Maxell "is free to litigate its patent claims in that ongoing litigation." (D.I. 128 at 4-5.) But this is a Hobson's choice. Defendants' argument relies on the faulty premise that venue is improper in the Western District of Texas and that the filing of that Declaratory Judgment action in Illinois was proper. The Northern District of Illinois has no personal jurisdiction over Maxell, in addition to Motorola's filing of that Action running afoul of the first-to-file rule. *See Motorola Mobility LLC v. Maxell, Ltd.*, No. 1-22-cv-00256, D.I. 25 (N.D. Ill. Nov. 8, 2022). Thus, Maxell is not "free to litigate its patent claims" in Illinois, and staying this case—in Maxell's choice of venue— prejudices Maxell.

## 2. Defendants Will Suffer No Hardship Absent A Stay

Defendants' claim that they are "suffering continued prejudice because they have been subject to extensive, ongoing fact discovery" is entirely self-inflicted and, at any rate, does not describe any actual prejudice. First, had Defendants been forthcoming with venue discovery *nine* months ago—instead of forcing Maxell to go back to the Court *three times* to obtain orders for Defendants to comply with their discovery obligations—the supposed imminence of expert discovery and the close of fact discovery would be irrelevant. Because this delay is entirely of Defendants' own making, any claim of prejudice is illusory.

Second, Defendants' only alleged prejudice is that discovery will proceed on the substantive issues of infringement, validity, and damages—all of which will need to be addressed regardless of venue. In other words, Defendants' argument seems to be that they are not able to unreasonably delay discovery on these issues despite their best efforts to do so. And while Defendants attempt to take refuge in the Northern District of Illinois's Local Patent Rules ("LPR"), those rules do not bolster the claim for prejudice. In fact, it supports the case for continued discovery in this case while the Court decides the pending motions. For example, the LPR mandate a fairly aggressive schedule for infringement and invalidity contentions, along with responses thereto. *See* LPR 2.2-2.6 (available at https://www.ilnd.uscourts.gov/_assets/_documents/_rules/localpatentrules-preamble.pdf). In the event the Court transfers the case, the parties will be in a far better position continuing with discovery in this case than having their discovery efforts artificially stalled when those efforts will be required whether in this District or in Illinois. Moreover, Defendants also state that the Northern District of Illinois will also be able to conduct its own claim construction analysis—but this is not a point of prejudice for Defendants. Rather, the Court has already postponed the claim

construction hearing until after it rules on the venue motion. Thus, if the Court decides to transfer the case, the Northern District of Illinois will be free to conduct a claim construction hearing.

Simply put, Defendants cannot show any prejudice by this case continuing. The Court has clearly prioritized Defendants' venue motion, and has already postponed substantive proceedings until after consideration of their venue motion, *Apple* requires no more.

### 3. A Stay Will Not Conserve Judicial Resources

A stay will not conserve judicial resources. The Court has already postponed the claim construction hearing, which would require substantive work by the Court. Only one Court will analyze the parties' briefs for claim construction; there will be no duplication. Thus, as shown above, the Court has not "burdened itself with the merits of the action." *In re Apple*, 2022 WL 16753325, at *2. Indeed, were that the case; the Court has instead burdened itself with Defendants' discovery intransigence *solely* relating to the Court's efforts to prioritize Defendants' venue motion. Having fact and expert discovery proceed at this point in this District is the most efficient—even if the Court were to ultimately transfer the case. For example, if the Northern District of Illinois or some other jurisdiction were to assume the case at some point, the parties' discovery efforts would directly transfer to that jurisdiction.

\* \* \*

A district court has discretion in managing its own docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). All the evidence in this case points to the Court's prioritization of Defendants' motion to dismiss. Indeed, in its motion to stay, Defendants never claim the Court has failed to prioritize their motion. Instead, Defendants merely attempt to import the non-analogous facts of *Apple* and then assert a broad right to a stay merely because there is a venue motion pending. That is not the proposition for which *Apple* stands. Indeed, *Apple* leaves for another day the precise relief Defendants attempt to capture by their motion to stay:

7

> **We do not decide in this case** (which does not present the issue) **whether and the extent to which merits discovery may proceed pending discovery for a decision on a transfer motion.** We determine only that decision of a transfer motion must proceed expeditiously as the first order of business and that venue discovery must proceed immediately to enable such a prompt decision of the transfer motion.

*In re Apple*, 2022 WL 16753325, at *2 (emphasis added).[2] Here, (1) decision on Defendants' venue motion has proceeded expeditiously as the first order of business—the Court has postponed the claim construction hearing as a result; (2) venue discovery proceeded immediately beginning back in February, and the Court held a hearing on the motion less than two weeks after briefing was complete on the motion. The Court clearly has proceeded consistent with the Federal Circuit's admonition in *Apple*, and staying the case at this point particularly in light of *Defendants*' delay would be prejudicial to Maxell and not conserve any judicial resources.

## IV.   CONCLUSION

The Court should deny Defendants' motion to stay because granting a stay will prejudice Maxell and not conserve any party or judicial resources. Moreover, Defendants will not be prejudiced by denial of their motion because any delay in the Court issuing an order on their venue motion was entirely caused by Defendants' discovery gamesmanship.

Dated: November 28, 2022

By: */s/ Jamie B. Beaber*
    Michael Chibib

---

[2] Defendants argue that "other district courts have recognized the need to resolve dismissal motions before full fact discovery moves forward." (D.I. 128 at 4-5). But, both *Herman* and *Archer* involved *unopposed* motions to stay, so neither stand for the proposition that a court should or must resolve a dismissal motion before fact discovery moves forward. *See Herman v. PBIA & Co.*, Case No. 1:19-cv-00584-PAB-GPG, 2021 WL 5280487, at *2 (D. Colo. June 10, 2021); *Archer v. Darling*, Case No. 09-cv-01988-PAB-KMT, 2010 WL 3715149, at *2 (D. Colo. Sept. 14, 2010). In *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689 (M.D. Fla. Feb. 4, 2003) the court used its discretion to partially stay discovery pending certain motions in a case being brought by a *pro se* plaintiff. Again, *Nankivil* does not stand for the proposition that a court should or must resolve a dismissal motion before fact discovery moves forward.

Texas Bar No. 00793497
BRACEWELL LLP
111 Congress Avenue, Suite 2300
Austin, Texas 78701
Telephone: (512) 472-7800
Facsimile: (800) 404-3970
Michael.chibib@bracewell.com

Mark D. Siegmund
State Bar No. 24117055
Email: mark@swclaw.com
Craig D. Cherry
State Bar No. 24012419
Email: craig@swclaw.com
Justin Allen
State Bar No. 24081977
Email: justin@swclaw.com
STECKLER WAYNE COCHRAN
CHERRY, PLLC
8416 Old McGregor Road
Waco, Texas   76712
Telephone:  (254) 651-3690
Facsimile:   (254) 651-3689

Jamie B. Beaber
James A. Fussell, III
Kfir B. Levy
Tiffany A. Miller
Saqib J. Siddiqui
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
jbeaber@mayerbrown.com
jfussell@mayerbrown.com
klevy@mayerbrown.com
tmiller@mayerbrown.com
ssiddiqui@mayerbrown.com

Robert G. Pluta
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 701-8641
rpluta@mayerbrown.com

9

Geoff Culbertson
Kelly Tidwell
Patton, Tidwell & Culbertson, LLP
2800 Texas Boulevard (75503)
Post Office Box 5398
Texarkana, TX 75505-5398
Telephone: (903) 792-7080
Facsimile: (903) 792-8233
gpc@texarkanalaw.com
kbt@texarkanalaw.com

**ATTORNEYS FOR PLAINTIFF
MAXELL, LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 28th day of November, 2022, with a copy of this document via the Court's CM/ECF system.

                                                      */s/ Jamie B. Beaber*
                                                      Jamie B. Beaber